UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

NIELSEN CONSUMER LLC,
*doing business as* NielsenIQ,
                        Plaintiff,

              -v-

THE NPD GROUP, INC.,
                        Defendant.

22-CV-3235 (JPO)

ORDER

---

J. PAUL OETKEN, District Judge:

This matter comes before the Court on the motion for a preliminary injunction filed by Plaintiff Nielsen Consumer LLC ("NielsenIQ") against Defendant The NPD Group, Inc. ("NPD"). (*See* Dkt. Nos. 11, 17.) NielsenIQ seeks an order preliminarily enjoining NPD from completing an anticipated merger with Information Resources, Inc. ("IRI") absent assurances and protections relating to the use of certain exclusively licensed data and confidential information.

The motion has been fully briefed and the Court heard oral argument on May 17, 2022.

I

A party seeking a preliminary injunction must show "(1) 'a likelihood of success on the merits' or 'sufficiently serious questions going to the merits to make them a fair ground for litigation'; (2) 'that [the plaintiff] is likely to suffer irreparable injury in the absence of an injunction'; (3) that 'the remedies available at law, such as monetary damages, are inadequate to compensate for that injury'; (4) that, 'considering the balance of hardships between the plaintiff and defendant,' a remedy in equity is warranted; and (5) that 'the public interest would not be disserved by the issuance of a permanent injunction.'" *Alibaba Grp. Holding Ltd. v. Alibabacoin Found.*, No. 18 Civ. 2897, 2018 WL 2022626, at *2 (S.D.N.Y. Apr. 20, 2018) (quoting *Salinger*

*v. Colting*, 607 F.3d 68, 79–80 (2d Cir. 2010)).  Injunctive relief "should be 'narrowly tailored to fit specific legal violations' and to avoid 'unnecessary burdens on lawful commercial activity.'" *Faiveley Transp. Malmo AB v. Wabtec Corp.*, 559 F.3d 110, 119 (2d Cir. 2009) (quoting *Waldman Pub. Corp. v. Landoll, Inc.*, 43 F.3d 775, 785 (2d Cir. 1994)).

II

For the reasons explained during the May 17 conference, the Court finds that a preliminary injunction against the anticipated merger is unwarranted in light of NPD's assurances, provided that those assurances are subject to court order.  Specifically, the Court finds that (1) irreparable injury to NielsenIQ is not likely in the absence of an injunction against the merger, and (2) the balance of hardships does not justify enjoining the merger given the availability of a more tailored remedy.

Accordingly, NielsenIQ's motion for a preliminary injunction is DENIED to the extent that it seeks to enjoin the merger, provided that NPD shall comply with the commitments set forth at Docket No. 34-4, which are incorporated in this order by reference, during the pendency of this litigation or until further order of this Court.

The Clerk of Court is directed to close the motions at Docket Numbers 11 and 17.

SO ORDERED.

Dated: May 18, 2022
       New York, New York

_____
J. PAUL OETKEN
United States District Judge