UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| NIELSEN CONSUMER LLC d/b/a NIELSENIQ, | : | Case No. 1:22-cv-3235-JPO |
| Plaintiff, | : | **DEFENDANT AND COUNTERCLAIMANT CIRCANA GROUP L.P.'S COUNTERCLAIMS AND ANSWER TO FIRST AMENDED COMPLAINT** |
| v. | : | |
| CIRCANA GROUP L.P., f/k/a THE NPD GROUP, L.P., | : | |
| Defendant. | : | **DEMAND FOR JURY TRIAL** |
| CIRCANA GROUP L.P., f/k/a THE NPD GROUP, L.P., | : | |
| Counterclaimant. | : | |
| v. | : | |
| NIELSEN CONSUMER LLC d/b/a NIELSENIQ, | : | |
| Counterclaim Defendant. | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

## COUNTERCLAIMS

Defendant-Counterclaimant Circana Group L.P. f/k/a The NPD Group, L.P. ("Circana"), by and through its undersigned counsel, for its counterclaims against Plaintiff Nielsen Consumer LLC d/b/a NielsenIQ ("NielsenIQ"), alleges as follows:

## INTRODUCTION

1.      Circana developed and owns the ReceiptPal consumer panel and application, and all data that ReceiptPal collects. Several years after Circana launched the panel, NieslenIQ entered ███████████████████████████████████████████████████████████████ ████████████████████████████████████  The Court is already familiar with NielsenIQ's attempt to misuse this ████████ to disrupt the $8 billion merger between Circana's predecessor entity and Information Resources, Inc., now known as Circana Inc. ("IRI");

with NielsenIQ's false claim ████████████████████████████████████ while failing to disclose to the Court that █████████████████████████████████ ████████;[1] and with NielsenIQ's argument, post-complaint, that Circana's agreement to ████████████████████████ entitles NielsenIQ to demand that Circana provide unrelated, costly services for free, even if those services are contrary to Circana's best panel management practices for its own panel. Dkt. 17; Dkt. 99.

2.      But these are just a few of the ways in which NielsenIQ has attempted to misuse Circana's ReceiptPal and its data. In addition, NielsenIQ has ridden roughshod over Circana's rights, breaching the parties' Agreement to usurp Circana's ownership of ReceiptPal, extract ReceiptPal's valuable data and other technology, and injure Circana's ongoing business—all contrary to the Agreement's terms:



- ***Breach by misusing*** ████████████ ***data.*** The Agreement ████████████ ███████████████████████████████████████ ████████████████████████████████ It also requires that ██████████████████████████ Yet Circana has learned, through negotiations with ████████████ and subsequent communications with NielsenIQ, that NielsenIQ has misappropriated ████████ ████████████████████████████████████ in a blatant attempt to secure a first mover advantage in this market. Circana never agreed to this misuse of its ████████████ data and seeks judicial relief to stop NielsenIQ and compensate Circana for it.

---

[1] "Agreement" refers to the January 2018 Data and Intellectual Property License Agreement, together with amendments executed in December 2018 ("Amendment No. 1") and December 2019 ("Amendment No. 2").

- ***Breach by failure to provide*** ███████████████ In exchange for access to Circana's ReceiptPal technology and certain data, NielsenIQ warranted ██ ████████████████████████████████████████████ ████████████████████████████████████████████ Meanwhile, NielsenIQ has publicly engaged in a series of transactions that may be directed at developing a receipt panel it hopes to use to replace the data that it receives from ReceiptPal, which panel would also compete with Circana in the general merchandise and food services industries. In the wake of those events and NielsenIQ's lawsuit, Circana has repeatedly requested that NielsenIQ explain how it is safeguarding Circana's confidential information and provide ████████████████████████████████████ ████████████████████████████████████████████ ████████████████████████ NielsenIQ has ████████████████ █████████████████—instead providing vague and evasive responses and parroting back the language of the Agreement. And yet, NielsenIQ has claimed to this Court that the exact same ██████████████████████████ ████████████████████████████████████████████ ████████████████████████████████████████████ ████████████████████████████████████████████ ████████████████████████████████████████████ ██████████████████████████████████

- ***Refusal to pay*** ███████████ NielsenIQ's ██████████████████ ████████████████████████████████████████████ Yet NielsenIQ has failed to pay the full ██████████████ for 2022, instead claiming

3



that it owes only ██████████ NielsenIQ's failure to pay the entirety of the ██████████ has a compounding effect on ██████████ payments for future contract years, which ████████████████████████████████████ ████████████████████████████ This under-payment already approaches ██████████ and, if continued by NielsenIQ, will grow by ██ ██████████

- ***False assertion of*** ████████████████████████ By the Agreement's express terms, ████████████████████████████ ████████████████████████████████████ ██████████ Yet NielsenIQ has incorrectly proclaimed, with no legal basis, that ████████████████████████████████████ ██████████

3.    Any one of these breaches independently entitles Circana ██████████████ ████████████████████████████████████████████ ████████████████████████████████ Circana brings these Counterclaims to stop NielsenIQ's contractual breaches, and to redress the past and ongoing injury to Circana.

## **PARTIES**

4.    Defendant-Counterclaimant Circana is a limited partnership organized and existing under the laws of Delaware and has its principal place of business at 900 West Shore Road, Port Washington, New York.

5.    Plaintiff-Counterdefendant NielsenIQ is a limited liability company organized and existing under the laws of Delaware and has its principal place of business at 200 W. Jackson Boulevard, Chicago, Illinois.

## JURISDICTION AND VENUE

6.     This Court has subject matter jurisdiction over Circana's counterclaims under 28 U.S.C. §§ 2201, 2202, and 1332 and because they arise out of the same transactions or occurrences that are the subject matter of NielsenIQ's claims.

7.     This Court has personal jurisdiction over NielsenIQ because NielsenIQ submitted to this Court's jurisdiction by filing the Complaint and First Amended Complaint in this district.

8.     Venue is proper in this judicial district under 28 U.S.C. § 1391 because a substantial part of the events giving rise to these counterclaims occurred in this district.

## FACTS

### Circana's History in the Market Research Industry

9.     Founded in 1953 as the Home Testing Institute (HTI), Circana is a global market research company that has pioneered innovation in the consumer data industry for 70 years.

10.     Circana, formerly known as NPD, traces its history back to the National Purchase Diary Panel, Inc., which built a database for market research using panels of representative consumers who recorded their buying habits and other information in paper diaries.  While the HTI entity was sold in 1966, the consumer panel business was kept out of the sale and became NPD.

11.     Over its history, Circana has been an innovator in both traditional and digital research, including a) launching the first point-of-sale tracking services for products that consumers purchase only episodically (such as sneakers, televisions, or kitchen appliances), which is referred to in the industry as "general merchandise," b) developing in-home scanning technology (to scan barcodes of products purchased), c) executing the first online survey to consumers, d) creating digital measurement methods to establish metrics of software and internet usage and other

purchase behaviors, and e) building the first large scale receipt-based market measurement system (ReceiptPal).

12.     To help retailers, manufacturers, analysts, and the public understand consumer purchasing behavior, Circana collects data from multiple streams, including by tracking point-of-sale data from over 600,000 retailer locations, distributors, and foodservice operators, interviewing millions of consumers annually, collecting e-commerce and mobile platform data, along with tracking millions of consumer receipts through its proprietary products like the ReceiptPal and SnapMyEats apps.

**Circana's Invention and Commercialization of ReceiptPal**

13.     One of the ways Circana obtains data is through the creation and use of consumer panels. "Panel data" generally is synonymous with "longitudinal data," or information from the same consumers over time.

14.     The service named ReceiptPal consists of a consumer panel and an array of data collection methods, including a mobile application invented and owned entirely by Circana. Consumers who enroll agree to capture into the app copies of their paper and digital receipts for purchases of goods in exchange for rewards, including participation in sweepstakes and gift cards from businesses like Amazon, Visa, Walmart, and Target, among many others. The app also automatically collects information about their purchases from online merchants (like Amazon), email receipt records, and loyalty account records if the panelists agree to provide access to those records. From these sources, Circana extracts longitudinal consumer purchasing data through the ReceiptPal app, which it then analyzes and markets to other commercial businesses with an interest in such information.

15.     Circana began developing ReceiptPal by 2013.

16.     From its inception, ReceiptPal has extracted receipt data covering three industry sectors: (i) general merchandise ("GM"), products that consumers purchase only episodically, such as sneakers, televisions, or kitchen appliances; (ii) food service ("FS"), meals prepared outside the consumer's home by food vendors such as restaurants, fast food operators, and catering operations; and (iii) CPG, products that consumers use and replenish routinely, such as groceries and pet food. In some cases, these sectors may overlap—*e.g.*, batteries may be considered both GM and CPG. Many retailers sell across a combination of the three sectors.

17.     Circana's receipt panel strategy was to focus on the otherwise underserved GM sector. Other market research firms like NielsenIQ and IRI had covered most CPG clients (such as grocery store chains). By 2015, ReceiptPal was fully operational and Circana began selling its analysis of the ReceiptPal GM and FS data to its business customers under the "Checkout" brand name, generating millions of dollars in revenue by 2016.

**NielsenIQ and Circana's Agreement Concerning ReceiptPal**

18.     Recognizing the value of Circana's ReceiptPal panel, in 2017 NielsenIQ's predecessor company sought to ████████████████████████████████████ ████████████████████

19.     In ████████ Circana (then known as NPD) and NielsenIQ executed the Data and Intellectual Property License Agreement under which ██████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████

20.     The Agreement sets forth ████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████

a. The Agreement states that █████████████████████████████
███████████████████████████████████████████
█████████████████████████████ (Agreement, Recitals.)

b. NielsenIQ also expressly agreed that █████████████████████████
███████████ (Agreement § 1.2.1.2.)

c. NielsenIQ further agreed that ███████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
███████████████████ (Agreement § 6.1.)

21. NielsenIQ also █████████████████████████████████
███████████████████████████████████████████████
███████████████████████████

a. ███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
(Agreement § 1.5.) █████████████████████████████
████████████████████████████████ (*Id.*)

b. ███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████

████████████████████████████████████████████

████████████████████ (Agreement § 1.1.)

c.  ████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████ (Agreement § 1.1.)

d.  ████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████ (Agreement § 1.5.)

22.  ████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████ (Agreement, Appendix A ████████████████)

23.  The parties thoroughly negotiated ████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████

a. ███████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

███████████████ (Agreement, Appendix A § 2(a). (Emphasis added.)) ██

████████████████████████████████

b. ███████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

███████████████████████

24.    The combination of ██████████████████████████████████

██████ in the market research and data analytics industry.

25.    The Agreement specifies that ████████████████████████

████████████████████████████████████████████████████

███████████ (Agreement § 1.2) (emphasis added).

26.    NielsenIQ contracted to ███████████████████████████████

████████████████████████████████████████████████████

(Agreement § 2, Amendment No. 1 §§ 1(a), 4.) ██████████████████████

███████████████████████████████████████

27.    ███████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████████████ (Agreement § 1.2.)

(emphasis added).  As such, ████████████████████████████████

███████████████████████████████████████████████████

███████

28.    Even though Section 1.2 of the Agreement ███████████████████████

███████████████████████████████████████████████████

███████████████ NielsenIQ has taken the position that Circana does not have the right to use

██████████████████████████████

29.    Indeed, NielsenIQ has claimed that its ███████████████████████

████████████████████ (Dkt. 123, ¶ 29).

30.    NielsenIQ agreed ██████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

█████████ (Agreement § 7.2.)

31.    As a condition of its ██████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

█████████ NielsenIQ represented and warranted that:



(Agreement § 8.2.1 (emphases added).)

32.     NielsenIQ also agreed, upon Circana's request, ███████████████████ ████████████████████████████████████████████ (Agreement § 7.2.)

33.     Either party ████████████████████████████ ████████████████████████████████████████████ ██████████████████ (Agreement § 4.2.)

34.     But in the event ████████████████████████ ████████████████████████████████████████████ ████████████████████████████ (Agreement § 4.2.) ███████████ ████████████████████████████████████████ (*Id.*)

35.     On ███████████████ the parties entered into Amendment No. 1 to the Agreement, to, among other things, include a ███████████████████████ ██████████████████████

36.     On ████████████████ the parties entered into Amendment No. 2, ██████████ ██████████████████████████████

37.     █████████████████████████████████ ████████████████████████████████████████████ ████████████████████

38.     But NielsenIQ did not pursue such an investment opportunity, and thus has no ownership interest in ReceiptPal whatsoever.

**NielsenIQ Asserts,** ████████████████████████████████████████

39.     On April 7, 2022, Circana (then NPD) publicly announced its intention to merge with IRI to create a global technology, analytics and data provider that will offer clients a complete view of retail purchasing and consumption behavior in the United States.  The merger sought to

combine NPD's overall GM strength with IRI's overall CPG strength, independent of ReceiptPal. The combined entity can now analyze sales across all product sectors, providing retailers or manufacturers "full store" and "total market" views they do not have currently and would find highly valuable.

40.    Despite agreeing that Circana ████████████████████████████████

████████████████████████████████████████████████████████████

██████████ (Agreement, Recitals), and ██████████████████████████████████

██████████ (Agreement, §§ 1.1, 6.1), just one week after the NPD-IRI merger was announced, on April 15, 2022, NielsenIQ filed its complaint and a motion to stop the merger unless Circana ██████████████████

41.    NielsenIQ's primary argument was and remains that it owns trade secrets and confidential information that have become embedded into ReceiptPal and its data.  Dkt. 153 at 18; FAC (Dkt. 93) ¶¶ 54, 87, 96.

42.    On May 18, 2022, the Court denied NielsenIQ's proposed injunction.  (Dkt. 78.)

43.    Undeterred, NielsenIQ has pressed forward with its false claim that, notwithstanding ████████████████████████████████████████████████████

█████████████████████████ elements of ReceiptPal and the resulting data are *NielsenIQ's* intellectual property.

**NielsenIQ Refuses to ████████████████████**
**██████ Complying with the Agreement**

44.    NielsenIQ's baseless attempt to lay claim to elements of Circana's ReceiptPal app and its data makes even more concerning its failure to confirm that it is safeguarding Circana's confidential information and data.

45.    The data NielsenIQ receives from Circana is ████████████████████

████████████████████████████████ Because of the nature of the deliverable,

█████████████████████████████████████████████████████████████████████

██████████████████████████████ Where, for example, a user has uploaded a receipt

from Target with purchases ███████████████████████████████████████████

█████████████████████████████ Under the Agreement provisions discussed above, ██

█████████████████████████████████████████████████████████████████████

████████████████████████████████████

46.    As discussed above, NielsenIQ agreed █████████████████████████

█████████████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████████████

████████████████    (Agreement § 7.2.)  This includes, among other things, ██████████

████████████████████████[2] (*Id.* § 7.1, App'x A.)

47.    ██████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████████████

██████████████████████████    (*Id.* § 7.4.)

48.    On information and belief, NielsenIQ has embarked on several programs to develop

or improve other consumer panels to expand in the GM and FS industries in the United States that

implicate, and appear to compromise, its confidentiality obligations.

---

[2] Conversely, none of the ReceiptPal data, including ████████████ is confidential information of NielsenIQ; Section 7.1 ████████████████████████████████████████████████████████████████████████████████████████

49.     On or around September 30, 2021, NielsenIQ entered an agreement to acquire Rakuten Intelligence, an e-commerce consumer panel company.  Rakuten Intelligence collects and supplies consumer data.  NielsenIQ claims that this acquisition is part of its effort to "uniquely position [itself] to provide retailers and manufacturers with a harmonized, granular, and consistent view across channels." (NielsenIQ, "NielsenIQ Sets the Pace for the Omnichannel Measurement Revolution," (Sept. 28, 2021), https://nielseniq.com/global/en/news-center/2021/nielseniq-sets-the-pace-for-the-omnichannel-measurement-revolution/) (last accessed Sept. 18, 2023).

50.     On or around April 7, 2022, NielsenIQ also announced a strategic investment in Fetch Rewards, a digital loyalty and marketing platform that collects and analyzes consumer data. Fetch Rewards claims to be "building a data analytics powerhouse that provides robust, actionable ways for brands to understand consumer purchase behavior," and NielsenIQ stated that its investment in Fetch would "complement [its] industry-leading data measurement, analytics and retail media capabilities."

51.     As part of NielsenIQ's investment, NielsenIQ and Fetch Rewards claim they will "collaborate on new product capabilities and features that will benefit retailers, brands and consumers." (Business Wire, "NielsenIQ Announces Strategic Investment in Fetch Rewards, the Nation's Leading Consumer Rewards App," (Apr. 7, 2022), https://www.businesswire.com/news/home/20220407005676/en/NielsenIQ-Announces-Strategic-Investment-in-Fetch-Rewards-the-Nation%E2%80%99s-Leading-Consumer-Rewards-App. (last accessed Sept. 18, 2023).)

52.     NielsenIQ and Fetch Rewards have since announced that NielsenIQ is planning "to expand its Omnishopper panel in the U.S." using Fetch Rewards' data from what it claims is "the largest mobile consumer rewards app in the U.S."  (Business Wire, "NielsenIQ Set to Create the Largest Omnishopper Panel in the U.S.," (Apr. 19, 2022),

https://www.businesswire.com/news/home/20220419005180/en/NielsenIQ-Set-to-Create-the-Largest-Omnishopper-Panel-in-the-U.S. (last accessed Sept. 18, 2023).) NielsenIQ claims that the resulting panel purportedly "will have an unmatched ability to provide the most holistic, long-term view into consumer behavior that no other panel can provide." (*Id.*)

53.     Eight days after NielsenIQ announced its strategic investment in Fetch Rewards, NielsenIQ filed its motion in this Court to stop the NPD-IRI merger unless ███████████ ████████

54.     Faced with NielsenIQ's announcement, combined with its disregard for its contractual undertakings in its lawsuit with Circana, Circana formally asserted its contractual right to ████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ██████████████████████████

55.     To that end, on June 8, 2022, Circana requested ████████████████████ ████████

       a)  ██████████████████████████████████████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████████ ██████████████████

       b)  ██████████████████████████████████████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████████ ██████████████████████████████████



c)

d)

e)

f)

(June 8, 2022 Letter from T. Gregorian to L. Logsdon ("June 8 Letter") at 2-3.)

56.    NielsenIQ  refused

(June 8 Letter at 2.)

57.    NielsenIQ ███████████████████████████████████

████████████████████████████████████████████████████

██████████████████    and ultimately responded by largely parroting back the terms of the

Agreement without providing any meaningful substantive information:



(*Id.*)

58.    NielsenIQ also refused ████████████████████████████

███████████████████████████████████████████████████

██████████

59.    Nor did NielsenIQ distinguish between its treatment of ████████████

████████████████████—an important distinction ██████████████████████

███████████████████████████████████████████████████

60.    As Circana is now aware, ███████████████████████████████

█████████    would also have been false, as Circana is informed and believes that NielsenIQ had

███████████████████████████████████████████████████

█████████████████████████████████

61.    NielsenIQ's refusal was willful, as NielsenIQ was aware both that it had already

███████████████████████████████████████████████████

████████████████████████████████████████

62.    NielsenIQ's refusal is inconsistent with its own demands.  Just *one week* before

Circana's letter, on May 31, 2022, NielsenIQ ██████████████████████████████



(May 31, 2022 Letter from J. Berman to L. Pulgram at 2 ("May 31 Letter").)

63.    In response, Circana provided a list of each person deemed a "Restricted Person," under the Court's order denying NielsenIQ's motion for preliminary injunction, together with their job titles, and detailed whether their access was limited to CPG Data or also included information available on SharePoint, Trello and Google Drive shared resource systems.  Circana also provided NielsenIQ with a detailed written policy governing access to this data and resources.  NielsenIQ provided no similar information, instead ignoring Circana's requests.

64.    Just days after refusing Circana's request ███████████ on July 1, 2022, NielsenIQ announced that it had entered a definitive agreement to merge with GfK, a German retail market research firm that specializes in GM market research, to provide a "total store read" "across channels and categories."  GfK and Circana are competitors.

65.    The GfK merger assertedly will allow NielsenIQ to expand its Connect platform and omnichannel offerings using GfK's gfknewron platform, a combination the merging parties asserted would "provide a harmonized, granular and consistent view of consumer purchasing behavior across channels and categories."  (NielsenIQ, "NielsenIQ and GfK to combine, creating a leading global provider of information and analytics in consumer and retail measurement," (July 1, 2022), https://nielseniq.com/global/en/news-center/2022/nielseniq-and-gfk-to-combine-creating-a-leading-global-provider-of-information-and-analytics-in-consumer-and-retail-measurement/ (last accessed Sept. 18, 2023).)

66. Because NielsenIQ has had access to Circana's confidential [redacted] NielsenIQ's disregard for [redacted] evidences that NielsenIQ may simply be willing to share Circana's confidential information and data with GfK and Fetch.

67. On July 7, 2022, Circana thus again requested [redacted] But NielsenIQ continued to shirk its [redacted] in favor of insults, responding that Circana's requests [redacted] "demonstrates, again, a lack of good faith on NPD's part." NielsenIQ again refused to provide any information about the individuals to whom it has given access to Circana's data and confidential information. (August 2, 2022 Letter from L. Logsdon to T. Gregorian at 1.)

68. On May 5, 2023, Circana reiterated its requests for information from NielsenIQ concerning its use of Circana's confidential data. (May 5, 2023 Letter from L. Pulgram to J. Berman at 2-3 (the "May 5 Letter").)

69. Rather than answering Circana's specific requests, on May 16, 2023, NielsenIQ responded that Circana's May 5 Letter "adds nothing to prior letters" and again provided only cursory and conclusory responses to Circana's requests. (May 16, 2023 Letter from J. Berman to L. Pulgram at 1 (the "May 16 Letter".)

70. NielsenIQ's refusal to provide reasonable [redacted] (Agreement §§ 4.2, 7.2, 7.4, 8.2.1.)

**NielsenIQ Begins [redacted] in Violation of the Agreement**

71. In June 2021, Circana and NielsenIQ began discussing working together [redacted] Under the Agreement, [redacted]

██████████████████████████████ Thus, it was contemplated that each party

would contribute ████████████████████████████████████████████

72.     Efforts ████████████████████ continued through March 2022.

73.     Once the merger with IRI was announced, NielsenIQ broke off discussions

████████████████████████████

74.     In May 2022, Circana and NielsenIQ began negotiating ████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

██████████

75.     In July 2022, Circana asked NielsenIQ to confirm that it would use only data

████████████████████████████████████████████████████████████

████████████████████████████████████████████████

76.     In response, NielsenIQ took the position that Circana had consented to NielsenIQ's

use ████████████████████████████████████████████████████████████

██████████████████████

77.     Yet Circana *never consented* to NielsenIQ's ████████████████████████

██████████████████████████████

78.     The parties never reached an agreement concerning ████████████████████

79.     The parties never executed any amendment to the Agreement that would allow

████████████████████████████████████████████████████████████

██████████████████████████████████████████████

80. ████████████████████████████ Circana provided NielsenIQ with a proposal for moving forward with the project in which NielsenIQ could, only as a one-time exception ████████████████████████████████████████████

████████████████████████████████████████████████

81.    NielsenIQ refused this proposal. ████████████████████████

████████████████████████████████████████████████

███████████████████████████████████

82.    As an alternative to the "one-time exception" approach, in September 2022, Circana proposed that the parties amend the Agreement ██████████████████████████

████████████████████████████

83.    NielsenIQ rejected this proposal as well and asserted that NielsenIQ had, ██████

████████████████████████████████████████████████

██████

84.    On information and belief, NielsenIQ had also ████████████████████████████

████████████████████████████████

85.    NielsenIQ could never have reasonably contemplated that Circana would permit NielsenIQ ████████████████████████████████████████████

████████████████████████████████████████ Indeed, it would make no commercial sense for Circana to grant NielsenIQ such rights in the absence of an amendment ██████████████████████████████████████

86.    Because ████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████ (Agreement, Appendix A ██████

██████████████.)

87.    Based on review of communications with NielsenIQ and others, Circana understood that NielsenIQ was, without authorization, ██████████████████████████ ████████████████████████

88.    On December 9, 2022, Circana demanded that NielsenIQ:

a)    ████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████

b)    ████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

██████████████

c)    ████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

██████████████████████████████████

██████████████████████████████████

██████████████████████████████████████████████

████████████████

████████████████████████████████████

████████████████████████████████████

██████████████████████████████████



(December 9, 2022 Letter from L. Pulgram to J. Berman at 3-4.)

89.    NielsenIQ refused to cease and desist ██████████████████ ████████████ and did not provide ██████████████████

90.    Instead, on January 11, 2023, NielsenIQ confirmed that ██████████████ ████████████████████████████████████████ (January 11, 2023 Letter from J. Berman to L. Pulgram at 2.)

91.    Given NielsenIQ's admission that ████████████████████████ ██████████████████████ from NielsenIQ to determine how NielsenIQ is using other Circana confidential data.  (January 20, 2023 Letter from L. Pulgram to J. Berman at 2-3 (the "January 20 Letter").)

92.    NielsenIQ did not respond to Circana's January 20 Letter.

93.    On May 5, 2023, Circana reiterated its requests for information from NielsenIQ concerning its use of Circana's confidential data. (May 5 Letter at 1-2.)

94.    Rather than answering Circana's specific requests, on May 16, 2023, NielsenIQ responded that Circana's May 5 letter "adds nothing to prior letters" and provided, again, only cursory and conclusory responses to Circana's requests.  (May 16 Letter at 1.)

95.    Indeed, NielsenIQ did not identify the personnel that have access to Circana's confidential information or how their uses are limited to the purposes of the Agreement.

96.    Nor did NielsenIQ identify what specific uses it makes of Circana's confidential information, apart from the conclusory assertion that its uses and disclosures ███████████ ██████████.

97.    ███████████████████████████████████ ████████████████████████████████████████████████

98.    NielsenIQ's misuse and disclosure of ████████████ is harming and will continue to harm Circana, ██████████████████████ These harms include diversion of clients from Circana, giving NielsenIQ an unlawful head start in ██████████ ████████████████████████████████████████

**NielsenIQ Fails to Pay** ██████████ **Under the Agreement**

99.    NielsenIQ has also failed to pay the entirety of the ██████████ that it owes to Circana.

100.    Section 4(e) of Amendment No. 1 requires that ██████████████████ ██████████████████████████████████████████████ ██████████████████████████████████████████████ ██████████████████████████████████████████████ ██████████████████████████████████████████████ ██████████████████████████████████████████████ ████████████████████████████████████

101.    In negotiating the Agreement, the parties discussed, understood, and agreed under Section 4(e) that, ██████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████

████  This meaning was confirmed in an email between Soizick Porte, of Circana (then NPD), and Johann Dudley and Erica Au, of NielsenIQ, on December 5, 2018, in which Circana confirmed the parties' agreement that ██████████████████████████████████████████

████████████████████████ (emphasis added.)

102.    Calendar year 2022 is Contract Year 5. ██████████████████████████

██████████████████████████████████████████████████████████

103.    ████████████████████████████

████████████████████████████████████

104.    On February 7, 2022, Circana requested the ████████████ payment to cover the ████████ in 2021.

105.    In response, NielsenIQ disputed that ████████████████████ was payable to Circana.  Instead, NielsenIQ agreed to pay only ██████████████ for 2021.

106.    On May 2, 2022, Circana sent Invoice No. 2022-10-0041542 to NielsenIQ requesting payment of ████████████████ for the period.

107.    Section 1 of Amendment No. 2 provides that ██████████████████████

████████████████████████████████████████████

108.    Under Amendment No. 2, NielsenIQ's payment was due on ██████████████

109.    NielsenIQ, however, paid only ██████████████████ for 2021, rather than the full ██████████████████ required under the Agreement.

110.    As a result, NielsenIQ underpaid in 2022 by ████████████

111.    While the ████████████████████████████ is undisputed for 2022 (and apparently for future years), NielsenIQ's failure to pay the total ██████████ for 2021 has a compounding effect on ████████ due for 2023 and beyond.  In particular, NielsenIQ's total ████████ due for 2023, after inclusion of the full ██████████ for 2021, is ████████████ USD.  Yet, because it refused again in 2023 to base its payment calculation on the ████████████ for 2021, NielsenIQ paid only ██████████ USD.  Circana's invoice dated March 1, 2023 expressly preserved its claim to the additional amounts disputed and unpaid by NielsenIQ during 2023.

112.    To date, NielsenIQ owes ████████ in unpaid ████████ through 2023.  To the extent NielsenIQ continues its refusal to pay ████████████████████████ for 2021, NielsenIQ will owe another ████████ per year, plus ████████████████████ each year, for 2024 and 2025.

113.    NielsenIQ's failure to pay the full ██████████████████████████████████████
████████████████████████████████████████████

### FIRST COUNTERCLAIM FOR RELIEF

**(Breach of Contract – ████████████████████████)**

114.    Circana repeats, realleges, and incorporates by reference paragraphs 1 through 113 above, as if fully set forth herein.

115.    The Agreement is a written, valid, binding, and enforceable contract between Circana and NielsenIQ.

116.    Circana has at all times complied with its obligations under the Agreement.

117.    Sections 7.2 and 7.4 of the Agreement require ████████████████████████
████████████████████████████████████████████████████████████████████████
████████████████████████████████████████

118.    ████████████████████████████████████████████████████

████████████████████████████████████

119.    Based on its own statements, NielsenIQ ███████████████████████████

███████████████████████

120.    Based on its own statements, NielsenIQ has disclosed ██████████████

██████████████████████████████████

121.    NielsenIQ has ██████████████████████████████████████

███████████████████████████████████████

122.    NielsenIQ has failed to provide Circana with ████████████████████

████████████████████████████████████████████████████

████████████████████████████████████

123.    NielsenIQ ████████████████████████████████████████████

███████████████████████████ about the protections and disclosure of Circana's confidential

information upon Circana's multiple requests.

124.    ████████████████████████████████████████████████████

██████████████████

125.    Circana has been damaged and will be damaged by NielsenIQ's breach in an

amount to be determined at trial.

126.    Circana has been irreparably harmed and will be irreparably harmed as a direct and

proximate result of NielsenIQ's breach.

127.    Circana has no adequate remedy at law.

128.    Circana is entitled to an order enjoining NielsenIQ from using ████████████████

████████████████████████████████████████████████████

██████████████████████████████████████████ third parties and NPD's competitors, including but not limited to Fetch Rewards and/or GfK.

## SECOND COUNTERCLAIM FOR RELIEF

### (Breach of Contract – Failure to Pay ███████████ )

129.    Circana repeats, realleges, and incorporates by reference paragraphs 1 through 128 above, as if fully set forth herein.

130.    The Agreement is a valid, binding, and enforceable contract between Circana and NielsenIQ.

131.    Circana has at all times complied with its obligations under the Agreement.

132.    Section 4(e) of Amendment No. 1 ███████████████████████████████ ████████████████████████████████████████████████████ ████████████████████████████████████████

133.    █████████████████████████████████████████████

134.    Circana invoiced NielsenIQ ████████████████████████████ ██████████████

135.    NielsenIQ was required to pay Circana's ████████████ invoice by August 4, 2022.  NielsenIQ has only paid ████████████ In particular, NielsenIQ's total ████████ due for 2022 is ████████████ USD.  Yet, NielsenIQ paid only ████████████ USD.

136.    ████████████████████████████████████████ While the ████ ████████████████ is undisputed for 2022 (and future years), NielsenIQ's failure to pay the total ████████████ for 2022 has a compounding effect on ████████████ due for 2023 and beyond. To date, NielsenIQ owes ████████████████████████ through 2023.  To the extent NielsenIQ continues its refusal to pay ████████████████████████ NielsenIQ will owe ████████ per year, plus ████████████████████ for 2024 and 2025.

137.    Circana is informed and believes that NielsenIQ will continue this bad faith refusal to pay ███████ as invoiced in future periods.

138.    ████████████████████████████████████

████████████████████████████████████

███████████

139.    Circana has been damaged and will be damaged by NielsenIQ's █████ in an amount to be determined at trial.

## THIRD COUNTERCLAIM FOR RELIEF

**(Breach of Contract – Failure to ███████████████████)**

140.    Circana repeats, realleges, and incorporates by reference paragraphs 1 through 139 above, as if fully set forth herein.

141.    The Agreement is a written, valid, binding, and enforceable contract between Circana and NielsenIQ.

142.    Circana has at all times complied with its obligations under the Agreement.

143.    NielsenIQ ███████████████████████████

████████████████████████████████████

████████████████████████ (Agreement § 7.2.) ████████████████████████████

███████████████████ (*Id.* § 7.1, App'x A.)

144.    Section 7.2 of the Agreement ███████████████████

████████████████████████████████████

███████████████ (Agreement, § 7.2.) ███████████████████

████████████████████████████████████



(*Id.* § 8.2.1.)

145.    NielsenIQ has failed to provide Circana with ███████████████ that it is complying with any of these ████████████████████ despite Circana's repeated requests ███████████████████.

146.    NielsenIQ ████████████████████████████████ ████████████████████ about the protections and disclosure of Circana's confidential information upon Circana's multiple requests.

147.    Circana has been damaged and will be damaged by NielsenIQ's breach in an amount to be determined at trial.

148.    Circana has been irreparably harmed and will be irreparably harmed as a direct and proximate result of NielsenIQ's breach.

149.    Circana has no adequate remedy at law.

150.    Circana is entitled to an order enjoining NielsenIQ to comply with all elements of the Agreement as to which NielsenIQ has failed and/or ███████████████████ ████ the protections and disclosure of Circana's confidential information as described above.

## FOURTH COUNTERCLAIM FOR RELIEF

### (Declaratory Judgment – ████████████████████)

151.    Circana repeats, realleges, and incorporates by reference paragraphs 1 through 150 above, as if fully set forth herein.

152.    There is an actual and justiciable controversy between Circana and NielsenIQ concerning each party's rights and duties under §§ 1 and 7 the Agreement, as set forth in detail above.

153. The Agreement is a written, valid, binding, and enforceable contract between Circana and NielsenIQ.

154. Circana has at all times complied with its obligations under the Agreement.

155. NielsenIQ █████████████████████████████████████████ ████████████████████████████████████████ as alleged in Circana's First, Second, and Third Counterclaims for Relief.

156. NielsenIQ has not cured all breaches alleged in Circana's First, Second, and Third Counterclaims for Relief despite receiving written notice.

157. NielsenIQ's refusal to provide ███████████████████ ████████████████████████████████████████████████ ████████

158. Because of NielsenIQ's willful misconduct and ████████████████ ███████████████████ Circana is entitled to a judgment declaring that (a) ████████ ██████████████████████████████████ (b) ████████████ ████████████████████████ (c) ███████████████████ ██████ and (d) ████████████████████████████████ ██████████████████

## FIFTH COUNTERCLAIM FOR RELIEF

**(Declaratory Judgment – ████████████████ )**

159. Circana repeats, realleges, and incorporates by reference paragraphs 1 through 158 above, as if fully set forth herein.

160. The Agreement is a written, valid, binding, and enforceable contract between Circana and NielsenIQ.

161. Circana has at all times complied with its obligations under the Agreement.

162.    Section 1.2 of the Agreement ███████████████████████████████

███████████████████████████████████████████

163.    Section 2 of the Agreement and §§ 1(a) and 4 of Amendment No. 1 ███████

███████████████████████████████████████████████████████████████

████████

164.    Section 1.2 of the Agreement ████████████████████████████████████

███████████████████████████████████████████████████████████████

███████

165.    ███████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████

166.    ███████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

████████████████████████████████████

167.    Despite the language in § 1.2 of the Agreement that ██████████████████

██████████████████████████████ NielsenIQ has taken the position that its

██████████████████████████████ stating in its Proposed Findings of

Fact and Conclusions of Law in connection with its Motion for Preliminary Injunction that

███████████████████████████████████████████████████████████ (Dkt. 123,

¶ 29.)

168.    NielsenIQ has based its claim to █████████████████████ on a misconstruction

of Section 4.3 of the Agreement. *Id.* That Section provides ████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

████████████████████████████████████████ But § 4.3

████████████████████████████████████ Rather,

██████████████████████████████████████████████████

██████████████████████████████████ There is no expression in § 1.2, or anywhere

else in the Agreement that ████████████████████ Exactly the opposite.  Section 1.2

██████████████████████████████████████████████████

████████████████████████████████████████████ (emphasis

added.)  By making ██████████████████████ NielsenIQ impermissibly reads the words

██████████████ out of that carefully negotiated provision.

169.    Even though NielsenIQ's interpretation is incorrect, there is an actual and justiciable controversy between Circana and NielsenIQ concerning each party's rights and duties under § 1 of the Agreement.

170.    Circana is therefore entitled to a judgment declaring that ████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

████████████████████████████████████

## SIXTH COUNTERCLAIM FOR RELIEF

**(Declaratory Judgment – ████████████████████)**

171.    Circana repeats, realleges, and incorporates by reference paragraphs 1 through 170 above, as if fully set forth herein.

172.    The Agreement is a written, valid, binding, and enforceable contract between Circana and NielsenIQ.

173.    Circana has at all times complied with its obligations under the Agreement.

174.    Section 1.2 of the Agreement ███████████████████████████████████
███████████████████████████████████████████████████

175.    Section 2 of the Agreement and §§ 1(a) and 4 of Amendment No. 1 ██████████
███████████████████████████████████████████████████████
███████

176.    NielsenIQ's ████████████████████████████████████████████
████████████████████

177.    NielsenIQ does not ██████████████████████████████████████
███████████████████████████████████████████████████
████████████████

178.    Despite the language in § 2 of the Agreement and §§ 1(a) and 4 of Amendment No.
1 ███████████████████████████████████████████████████
███████████████████████████████████████████████████
███████████████████████████████

179.    As such, there is an actual and justiciable controversy between Circana and
NielsenIQ concerning each party's rights and duties under § 2 of the Agreement and §§ 1(a) and
4 of Amendment No. 1.

180.    Circana is therefore entitled to a judgment declaring that ██████████████████
███████████████████████████████████████████████████

### PRAYER FOR RELIEF

WHEREFORE, Defendant-Counterclaimant Circana respectfully requests that this Court
enter judgment in its favor and against NielsenIQ as follows:

a.      For an order preliminarily and permanently enjoining NielsenIQ, its officers, agents, servants, employees, attorneys, and affiliated companies, its assigns and successors in interest, and all persons in active concert or participation with it from using or disclosing Circana's confidential information, ███████████████████████ in a manner not permitted by the Agreement;

b.      For a judgment declaring that Circana ████████████████████ ██████████████████████████

c.      For a judgment declaring that Circana ████████████████████ ███████████████████████████████ ██████████████████

d.      For a judgment declaring that Circana ████████████████████ ██████████████████████

e.      For an award of actual, compensatory, special, and consequential damages according to proof;

f.      For an award of punitive and exemplary damages according to proof;

g.      For an award of pre-judgment interest at a legal rate through the date of the judgment;

h.      For attorney fees and costs according to applicable statutes ████████████ ██████ and

i.      For such other relief as this Court deems just and proper.

**JURY DEMAND**

Defendant-Counterclaimant Circana demands a trial by jury on all issues so triable.

**ANSWER**

Defendant-Counterclaimant Circana Group L.P., f/k/a The NPD Group, L.P. ("Circana"), by and through its undersigned counsel, answers the First Amended Complaint ("FAC") of Plaintiff Nielsen Consumer LLC d/b/a NielsenIQ ("NielsenIQ") (Dkt. 93), as follows:

Circana denies each and every allegation contained in the FAC, including all footnotes, citations, headings, and subheadings, without limitation, except the allegations that Circana expressly admits herein, or the allegations for which Circana lacks knowledge or information sufficient to form a belief as to their truth or falsity. Circana expressly reserves the right to amend or supplement this answer.

**INTRODUCTION**

1.      Circana denies the allegations in paragraph 1, except admits that NielsenIQ purports to bring a case against Circana.

2.      Circana admits that NielsenIQ entered into a license agreement with Circana concerning certain data collected from Circana's mobile application called ReceiptPal. Circana denies the remaining allegations in paragraph 2. Circana denies the allegations in footnote 1, except admits that ███████████████████          the parties' Data and Intellectual Property License Agreement, as amended ("Agreement"). Circana admits that NielsenIQ cites to Exhibit A of the FAC, which purports to be a copy of the Agreement, and to Exhibit B of the FAC, which purports to be a copy of Amendment No. 1 thereto ("Amendment").

3.      Circana admits that Circana and NielsenIQ agreed to ███████████████ ███████ under the Agreement. Circana denies the remaining allegations of paragraph 3.

4.      Circana denies the allegations in paragraph 4 of FAC.

---

[3] Capitalized terms that are not defined herein have the same meaning as those terms are defined in the as-amended Agreement.

5.    Circana denies the allegations in paragraph 5 of FAC.

6.    Circana denies the allegations in paragraph 6, except admits that on April 7, 2022, NPD announced its intention to merge with Information Resources Inc. ("IRI").

7.    Circana denies the allegations in paragraph 7 of FAC.

8.    Circana denies the allegations in paragraph 8 of FAC.

9.    Circana admits that NielsenIQ purports to seek injunctive relief and money damages in this action.  Circana denies the remaining allegations in paragraph 9.

## PARTIES

10.    Circana lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 10 and, on that basis, denies them.

11.    Circana lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 11 and, on that basis, denies them.

12.    Circana admits that Circana Group L.P., f/k/a The NPD Group, L.P., is a corporation organized under the laws of the State of Delaware.  Circana admits that it maintains an office at 900 West Shore Road, Port Washington, New York 11050.

13.    Circana admits that, among other things, it provides certain market information and services related to general merchandise, among other products.  Circana denies the remaining allegations in paragraph 13.

## JURISDICTION AND VENUE

14.    Paragraph 14 alleges a legal conclusion as to which no response is required.  If a response is required, Circana admits that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

15.     Paragraph 15 alleges a legal conclusion as to which no response is required.  If a response is required, Circana admits that this Court has subject matter jurisdiction over NielsenIQ's state law claims pursuant to 28 U.S.C. § 1367.

16.     Circana admits for purposes of this case only that this Court has personal jurisdiction over Circana.

17.     Circana admits for purposes of this case only that venue is proper in this judicial district based on the venue provision in Section 13.6 of the Agreement

## **FACTUAL BACKGROUND**

### A.     **The Consumer-Packaged Goods Market**

18.     Circana lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 18 and, on that basis, denies them.

19.     Circana admits that consumer packaged goods (CPGs) are products that consumers frequently use and replenish.  Circana lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 19 and, on that basis, denies them.

20.     Circana lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 20 and, on that basis, denies them.

21.     Circana admits the allegations in paragraph 21 of the FAC.

22.     Circana admits the allegations in paragraph 22 of the FAC.

23.     Circana lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 23 and, on that basis, denies them.

24.     Circana lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 24 and, on that basis, denies them.

25.     Circana lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 25 and, on that basis, denies them.

26.     Circana lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 26 and, on that basis, denies them.

27.     Circana admits the allegations in paragraph 27 of the FAC.

28.     Circana admits the allegations in paragraph 28 of the FAC.

29.     Circana admits the allegations in paragraph 29 of the FAC.

30.     Circana lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 30 and, on that basis, denies them.

31.     Circana lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 31 and, on that basis, denies them.

32.     Circana admits that it is a market research company and that, among other things, it uses certain point-of-sale data, consumer surveys, and consumer receipts.  Circana lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 32 and, on that basis, denies them.

33.     Circana admits that it owns a mobile application called ReceiptPal that allows users to take photos of certain receipts.  Circana denies the remaining allegations in paragraph 33.

34.     Circana lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 34, and, on that basis, denies them.

35.     Circana denies the allegations in paragraph 35 of the FAC.

36.     Circana denies the allegations in paragraph 36 of the FAC.

37.     Circana denies the allegations in paragraph 37 of the FAC.

38.     Circana denies the allegations in paragraph 38 of the FAC.

39.     Circana denies the allegations in paragraph 39 concerning ReceiptPal.  Circana lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 39 and, on that basis, denies them.

**B.     NielsenIQ and NPD Enter into an Exclusive License for NielsenIQ to Use CPG Licensed Data**

40.     Circana admits that NielsenIQ and Circana entered into the Agreement on ████████████ and that the Agreement included ████████████████████████ ████████████  Circana denies the remaining allegations in paragraph 40.

41.     Circana admits that ████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████  Circana denies the remaining allegations in paragraph 41.

42.     Circana lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 42 and, on that basis, denies them, except admits that NielsenIQ agreed to ████████████████████████

43.     Circana admits the allegations in paragraph 43 of the FAC.

44.     Circana denies the allegations in paragraph 44, except admits that ████████████ ████████████████████████

45.     Circana admits that the quoted language in paragraph 45 is from page 1 of the Agreement and admits that Circana agreed to ████████████████████████████ ████████████████  Circana denies the remaining allegations in paragraph 45.

46.     Circana admits that the quoted language in paragraph 46 is from §§ 1.1 and 1.2 of the Agreement.  Circana denies the remaining allegations in paragraph 46.

47.     Circana admits that the quoted language in paragraph 47 is from § 1.2 of the Agreement.  Circana denies the remaining allegations in paragraph 47.

48.     Circana denies that █████████████████████████████████████████ ████████████████████████████████████ Circana lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in the first sentence of paragraph 48 and, on that basis, denies them.

49.     Circana lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 49 and, on that basis, denies them.

50.     Circana denies the allegations in paragraph 50 of the FAC.

51.     Circana admits that ████████████████████████████████████████ ████████████████████████████████ Circana denies the remaining allegations in paragraph 51.

52.     Circana admits that the quoted language in paragraph 52 is from § 3 of the Agreement.

53.     Circana denies the allegations in paragraph 53 of the FAC.

54.     Circana denies the allegations in paragraph 54 of the FAC.

55.     Circana denies the allegations in paragraph 55 of the FAC.

56.     Circana denies the allegations in paragraph 56 of the FAC.

57.     Circana admits that NielsenIQ cites to §§ 6.1, 7.2, and 7.5 of the Agreement. Circana lacks knowledge or information sufficient to form a belief concerning any purported "proprietary trade secret and confidential information" that NielsenIQ purportedly claims or

revealed and on that basis denies those allegations.  Circana denies the remaining allegations in paragraph 57.

58.     Circana denies the allegations in paragraph 58 of the FAC.

59.     Circana denies the allegations in paragraph 59 of the FAC.

60.     Circana denies the allegations in paragraph 60 of the FAC.

61.     Circana lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 61 and, on that basis, denies them.

62.     Circana admits that the quoted language is from § 1.2 of the Agreement.  Circana denies that ████████████████████████████████████████ ██████████████   Circana lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 62 and, on that basis, denies them.

63.     Circana denies the allegations in paragraph 63 of the FAC.

64.     Circana lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 64 and, on that basis, denies them.

65.     Circana denies the allegations in paragraph 65 of the FAC.

66.     Circana lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 66 and, on that basis, denies them.

67.     Circana denies the allegations in paragraph 67 of the FAC.

68.     Circana denies the allegations in paragraph 68 of the FAC.

69.     Circana admits that NielsenIQ has ██████████████████████████████ ███████████████████████████ under the Agreement.  Circana lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 69 concerning ███████████████████████████████ and, on that basis, denies them. Circana denies the remaining allegations in paragraph 69.

**C.    The Explicit Provisions of the Agreement That Protect NielsenIQ's
Intellectual Property and Confidential Information**

70.    Circana admits that the parties agreed to Section 7 of the Agreement, titled

███████████████████

71.    Circana admits the allegations in paragraph 71 of the FAC.

72.    Circana admits that the quoted language in paragraph 72 is from § 7.5 of the

Agreement.

73.    Circana denies the allegations in paragraph 71 of the FAC.

74.    Circana denies the allegations in paragraph 71 of the FAC.

**D.    NielsenIQ Provides NPD with Confidential Proprietary Information and
Know-How and Trade Secrets**

75.    Circana admits that ████████████████████████████

████████████████████████████████████████

████████████████    Circana denies the remaining allegations in paragraph 75.

76.    Circana admits that NielsenIQ selectively cites to §§ 6.1, 7.1, and 7.5 of the
Agreement and that the quoted language in paragraph 76 is from § 6.1.  Circana denies the
remaining allegations in paragraph 76.

77.    Circana admits that NielsenIQ selectively cites to §§ 6.1, 7.1, and 7.5 of the
Agreement and that the quoted language in paragraph 76 is from § 6.1.  Circana denies the
remaining allegations in paragraph 76.  Circana admits that the quoted language in paragraph 77
is from § 1.5 of the Agreement.  Circana denies the remaining allegations in paragraph 77.

78.    Circana admits that NielsenIQ cites to §§ 6.1 and 7.2 of the Agreement and that the
quoted language is from § 7.2.  Circana denies the remaining allegations in paragraph 78.

79.    Circana admits that ███████████████████████████

████████████████████████████████████████████████

████████████████ Circana denies the remaining allegations in paragraph 79.

80.    Circana denies the allegations in paragraph 80 of the FAC.

81.    Circana admits that ███████████████████████████

████████████████████████████████████████████████

██████████ Circana denies the remaining allegations in paragraph 81.

82.    Circana denies the allegations in paragraph 82 of the FAC.

83.    Circana denies the allegations in paragraph 83 of the FAC.

84.    Circana admits that it is prepared to sequester and keep confidential any information that NielsenIQ shows it has provided to Circana regarding ██████████████ ████████ but denies that NielsenIQ has done so.  Circana denies that it has used ████████ ████████████████ and denies the remaining allegations in paragraph 84.

85.    Circana admits that ███████████████████████████ ████████████████████████████████████ Circana lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 85 and, on that basis, denies them.

86.    Circana lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 86, specifically that █████████████████████ █████████████ and, on that basis denies them.

87.    Circana denies the allegations in paragraph 87 of the FAC.

88.    Circana admits that ███████████████████████████

████████████████████████████████████████████████

████████████████ Circana also admits that it is prepared to sequester and keep confidential

any information that NielsenIQ shows it has provided to Circana regarding ████████████ ████████████████ but denies that NielsenIQ has done so. Circana denies the remaining allegations in paragraph 88.

89.    Except as expressly admitted in its answer to paragraph 88 above, Circana denies that NielsenIQ disclosed confidential information to Circana as alleged. Circana lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 89 and, on that basis, denies them.

90.    Circana lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 90 and, on that basis, denies them.

91.    Circana admits that industry participants attempt to reduce unwanted data gaps but lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 91 and, on that basis, denies them.

92.    Circana lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 92 and, on that basis, denies them.

93.    Circana lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 93 and, on that basis, denies them.

94.    Circana admits that NielsenIQ cites § 7.1 of the Agreement. Circana denies the remaining allegations in paragraph 94.

95.    Circana admits that NielsenIQ cites § 7 of the Agreement. Circana lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 95 and, on that basis, denies them.

96.    Circana denies the allegations in paragraph 96 of the FAC.

97.    Circana denies the allegations in paragraph 97 of the FAC.

98.    Circana denies the allegations in paragraph 98 of the FAC.

99.    Circana denies the allegations in paragraph 99 of the FAC.

100.    Circana denies the allegations in paragraph 100 of the FAC.

101.    Circana denies the allegations in paragraph 101 of the FAC.

**E.**    █████████████████████████████████████████████████
████████████████████

102.    Circana admits that the private equity firm Hellman & Friedman made a binding

offer and agreed to acquire NPD in or about October 2021 and that thereafter NielsenIQ became

more adversarial.  Circana denies the remaining allegations in paragraph 102.

103.    Circana denies the allegations in paragraph 103 of the FAC.

104.    Circana admits that it offered to █████████████████████████████████
██████████████████████████████████████████████████████████████

Circana denies the remaining allegations in paragraph 104.

105.    Circana lacks knowledge or information sufficient to form a belief as to the truth or

falsity of the allegations in paragraph 105 and, on that basis, denies them.

106.    Circana admits that § 1.2 of the Agreement states in part: ████████████
██████████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████████
████████████████████████████████████ Circana denies the remaining allegations

in paragraph 106.

107.    Circana denies the allegations in paragraph 107 of the FAC.

108.    Circana denies the allegations in paragraph 108 of the FAC.

109.    Circana admits that the quoted language, less bracketed changes, is from § 1.1 of

the Agreement.  Circana denies the remaining allegations in paragraph 109.

110.    Paragraph 110 alleges a legal conclusion to which no response is required.  If a response is required, Circana denies the allegations in paragraph 110, except admits that the quoted language is from § 1.2 of the Agreement.

111.    Paragraph 111 alleges a legal conclusion to which no response is required.  If a response is required, Circana denies the allegations in paragraph 111.

112.    Circana denies the allegations in paragraph 112 of the FAC.

113.    Circana denies the allegations in paragraph 113 of the FAC.

114.    Circana admits that ███████████████████████████████████ ████████████████████████████ Circana denies that ████████████ ██████████████████████████████████████ and denies the remaining allegations of paragraph 114.

115.    Circana denies the allegations in paragraph 115 of the FAC.

116.    Circana admits that █████████████████████████████████ ████████████████████ Circana denies the remaining allegations in paragraph 116.

117.    Circana denies the allegations in paragraph 117 of the FAC.  Circana further alleges that ████████████████████████████████████████████ ███████████████████████████████████████████████ ███████████████████████████████████████████████ ████████████████████

**F.    NPD's Planned Merger with IRI**

118.    Circana lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 118 and, on that basis, denies them.

119.    Circana admits that ████████████████████████████████████████
████████████████████████████████████████ Circana denies the remaining allegations
in paragraph 119.

120.    Circana denies the allegations in paragraph 120 of the FAC.

121.    Circana admits that Circana stated in its correspondence with NielsenIQ that
NielsenIQ had failed to identify a ripe legal dispute.  Circana admits that the quoted language in
paragraph 121 is from § 7.2 of the Agreement.  Circana further alleges that its responses to
NielsenIQ specifically affirmed that ████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████ Circana denies the remaining allegations in paragraph 121.

122.    Circana admits that it was engaged in confidential discussions with IRI on March
4, 2022, which it could not discuss with, but did not deny to, NielsenIQ at that time.  Circana
denies the other allegations of paragraph 122.

123.    Circana denies the allegations in paragraph 123 of the FAC.

124.    Circana denies the allegations in paragraph 124 of the FAC.

125.    Circana admits that ████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████ Circana denies the remaining allegations of paragraph
125.

126.    Circana admits the allegations in paragraph 126 of the FAC.

**G.    NPD's Threatened Misappropriation of NielsenIQ's Trade Secrets and Confidential Information**

127.    Circana denies the allegations in paragraph 127 of the FAC.

128.    Circana denies the allegations in paragraph 128 of the FAC.

129.    Circana denies the allegations in paragraph 129 of the FAC.

130.    Circana denies the allegations in paragraph 130 of the FAC.

131.    Circana denies the allegations in paragraph 131 of the FAC.

132.    Circana denies the allegations in paragraph 132 of the FAC.

133.    Circana denies the allegations in paragraph 133 of the FAC.

134.    Circana denies the allegations in paragraph 134 of the FAC.

135.    Circana denies the allegations in paragraph 135 of the FAC.

**H.    IRI's Attempts to Develop a Panel That Tracks Online Purchases and Competes Directly with NielsenIQ**

136.    Circana denies the allegations in paragraph 136 of the FAC.

137.    Circana denies the allegations in paragraph 137 of the FAC.

138.    Circana responds that the terms of the joint venture speak for themselves and otherwise denies the allegations in paragraph 138.

139.    Circana admits that IRI acquired Coin Out Inc. in or about 2021.  Circana denies the remaining allegations in paragraph 139.

140.    Circana admits the allegations in paragraph 140 of the FAC.

141.    Circana admits that Coin Out's application had different technological capabilities than ReceiptPal but otherwise denies the remaining allegations of paragraph 141.

142.    Circana denies the allegations in paragraph 142 of the FAC.

143.    Circana denies the allegations in paragraph 143 of the FAC.

144.    Circana denies the allegations in paragraph 144 of the FAC.

145.    Circana denies the allegations in paragraph 145 of the FAC.

**I.      NielsenIQ Will Be Irreparably Harmed If NPD Shares the CPG Licensed Data or Uses It to Compete with NielsenIQ**

146.    Circana denies the allegations in paragraph 146 of the FAC.

147.    Circana denies the allegations in paragraph 147 of the FAC.

148.    Circana denies the allegations in paragraph 148 of the FAC.

149.    Circana denies the allegations in paragraph 149 of the FAC.

150.    Circana denies the allegations in paragraph 150 of the FAC.

151.    Circana lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 151 and, on that basis, denies them.

152.    Circana denies the allegations in paragraph 152 of the FAC.

153.    Circana denies the allegations in paragraph 153 of the FAC.

154.    Circana denies that ███████████████████████████████████ ███████████████████ Circana lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 154 and, on that basis, denies them.

155.    Circana denies the allegations in paragraph 155 of the FAC.

156.    Circana denies the allegations in paragraph 156 of the FAC.

157.    Circana lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 157 and, on that basis, denies them.

158.    Circana lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 158 and, on that basis, denies them.

159.    Circana lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 159 and, on that basis, denies them.

160.    Circana lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 160 and, on that basis, denies them.

161.    Circana lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 161 and, on that basis, denies them.

162.    Circana lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 162 and, on that basis, denies them.

163.    Circana admits that ███████████████████████████████████ ███████████████ Circana lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 163 and, on that basis, denies them.

164.    Circana lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 164 and, on that basis, denies them.

165.    Circana lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 165 and, on that basis, denies them.

166.    Paragraph 166 alleges a legal conclusion to which no response is required.  If a response is required, Circana denies the allegations in paragraph 166.

167.    Paragraph 167 alleges a legal conclusion to which no response is required.  If a response is required, Circana denies the allegations in paragraph 167.

168.    Circana denies the allegations in paragraph 168 of the FAC.

**J.    NPD's Post-Complaint Conduct**

169.    The Court dismissed NielsenIQ's breach of contract claim based on Circana's alleged post-lawsuit conduct (*see* Dkt. 152).  As such, no response to paragraph 169 is required.

170.    The Court dismissed NielsenIQ's breach of contract claim based on Circana's alleged post-lawsuit conduct (*see* Dkt. 152).  As such, no response to paragraph 170 is required.

171.    The Court dismissed NielsenIQ's breach of contract claim based on Circana's alleged post-lawsuit conduct (*see* Dkt. 152). As such, no response to paragraph 171 is required.

172.    The Court dismissed NielsenIQ's breach of contract claim based on Circana's alleged post-lawsuit conduct (*see* Dkt. 152). As such, no response to paragraph 172 is required.

173.    The Court dismissed NielsenIQ's breach of contract claim based on Circana's alleged post-lawsuit conduct (*see* Dkt. 152). As such, no response to paragraph 173 is required.

174.    The Court dismissed NielsenIQ's breach of contract claim based on Circana's alleged post-lawsuit conduct (*see* Dkt. 152). As such, no response to paragraph 174 is required.

175.    The Court dismissed NielsenIQ's breach of contract claim based on Circana's alleged post-lawsuit conduct (*see* Dkt. 152). As such, no response to paragraph 175 is required.

176.    The Court dismissed NielsenIQ's breach of contract claim based on Circana's alleged post-lawsuit conduct (*see* Dkt. 152). As such, no response to paragraph 176 is required.

177.    The Court dismissed NielsenIQ's breach of contract claim based on Circana's alleged post-lawsuit conduct (*see* Dkt. 152). As such, no response to paragraph 177 is required.

178.    The Court dismissed NielsenIQ's breach of contract claim based on Circana's alleged post-lawsuit conduct (*see* Dkt. 152). As such, no response to paragraph 178 is required.

179.    The Court dismissed NielsenIQ's breach of contract claim based on Circana's alleged post-lawsuit conduct (*see* Dkt. 152). As such, no response to paragraph 179 is required.

## FIRST CAUSE OF ACTION AGAINST DEFENDANT

### (Declaratory Judgment Under 28 U.S.C. § 2201 of Breach of Contract by NPD)

180.    Circana incorporates its responses to the allegations in paragraphs 1 through 179 above.

181.    Circana admits that § 1.2 of the Agreement states in part: ██████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████    Circana denies the remaining allegations

in paragraph 181.

182.    Circana admits that NPD and IRI have merged.  The remainder of paragraph 182

alleges a legal conclusion to which no response is required.  If a response is required, Circana

denies the allegations in paragraph 182.

183.    Circana denies the allegations in paragraph 183 of the FAC.

184.    Circana denies the allegations in paragraph 184 of the FAC.

185.    Paragraph 185 alleges a legal conclusion to which no response is required.  If a

response is required, Circana denies the allegations in paragraph 185.

186.    Circana admits that there are confidentiality provisions in the parties' Agreement,

but denies that all the information NielsenIQ identifies are trade secrets or confidential and further

denies that Circana has misused any information or violated the Agreement.  Circana lacks

knowledge or information sufficient to form a belief as to the truth or falsity of the allegations as

to why NielsenIQ provided the information it did to Circana, and on that basis denies them.

187.    Circana denies the allegations in paragraph 187, except admits that the quoted

language, less NielsenIQ's bracketed modifications, is from § 7.2 of the Agreement.

188.    Circana denies the allegations in paragraph 188 of the FAC.

189.    Circana denies the allegations in paragraph 189 of the FAC.

190.    Circana denies the allegations in paragraph 190 of the FAC.

191.    Circana denies the allegations in paragraph 191 of the FAC.

192.     Paragraph 192 alleges a legal conclusion as to which no response is required.  If a response is required, Circana denies the allegations in paragraph 192 and denies that NielsenIQ is entitled to any relief.

193.     Circana denies the allegations in paragraph 193 and denies that NielsenIQ is entitled to any relief.

## SECOND CAUSE OF ACTION AGAINST DEFENDANT

### (Breach of Contract by Defendant)

194.     Circana incorporates its responses to paragraphs 1 through 193 above.

195.     Circana admits that ███████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

████████     The remainder of paragraph 195 alleges a legal conclusion to which no response is required.  If a response is required, Circana denies the remaining allegations in paragraph 195.

196.     Circana denies the allegations in paragraph 196 of the FAC.

197.     Circana admits that NPD and IRI have merged.  The remainder of paragraph 197 alleges a legal conclusion to which no response is required.  If a response is required, Circana denies the allegations in paragraph 197.

198.     Circana denies the allegations in paragraph 198 of the FAC.

199.     Circana admits that it provided to NielsenIQ ████████████████████

████████████████████████████████████████████████ as stated in § 7.2 of the Agreement.

200.     Circana denies the allegations in paragraph 200 of the FAC.

201.     Circana denies the allegations in paragraph 201 of the FAC.

202. Circana admits that ███████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████ *See e.g.,* Dkt. 42 at 3 (collecting NielsenIQ's disclosures of Agreement provisions not under seal); *see also* Dkt. 79 at 5-20, 32-40.

203. Circana denies that ███████████████████████████████████
████████████████████████

204. Circana admits that ███████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
██████████████████████████████ Circana denies any other allegations of paragraph 204.

205. Paragraph 205 alleges a legal conclusion to which no response is required. If a response is required, Circana denies the allegations in paragraph 205.

206. The Court dismissed NielsenIQ's breach of contract claim based on Circana's alleged post-lawsuit conduct (*see* Dkt. 152). As such, no response to paragraph 206 is required.

207. The Court dismissed NielsenIQ's breach of contract claim based on Circana's alleged post-lawsuit conduct (*see* Dkt. 152). As such, no response to paragraph 207 is required.

208. The Court dismissed NielsenIQ's breach of contract claim based on Circana's alleged post-lawsuit conduct (*see* Dkt. 152). As such, no response to paragraph 208 is required.

209. Paragraph 209 alleges a legal conclusion as to which no response is required. If a response is required, Circana denies the allegations in paragraph 209.

210. Paragraph 210 alleges a legal conclusion to which no response is required. If a response is required, Circana denies the allegations in paragraph 210 and denies that NielsenIQ is entitled to any relief.

## THIRD CAUSE OF ACTION AGAINST DEFENDANT

### (Anticipatory Breach of Contract by Defendant)

211.    Circana incorporates its responses to paragraphs 1 through 210 above.

212.    Circana admits that ███████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████    The remainder of paragraph 212 alleges a legal conclusion to which no response is required.  If a response is required, Circana denies the remaining allegations in paragraph 212.

213.    Circana denies the allegations in paragraph 213 of the FAC.

214.    Circana denies the allegations in paragraph 214 of the FAC.

215.    Circana denies the allegations in paragraph 215 of the FAC.

216.    Circana denies the allegations in paragraph 216 of the FAC.

217.    Paragraph 217 alleges a legal conclusion to which no response is required.  If a response is required, Circana denies the allegations in paragraph 217.

218.    Paragraph 218 alleges a legal conclusion to which no response is required.  If a response is required, Circana denies the allegations in paragraph 218 and denies that NielsenIQ is entitled to any relief.

## FOURTH CAUSE OF ACTION AGAINST DEFENDANT

### (Breach of Duty of Good Faith and Fair Dealing)

219.    Circana incorporates its responses to paragraphs 1 through 218 above.

220.    Circana admits that ███████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

█████████ The remainder of paragraph 220 alleges a legal conclusion to which no response is required. If a response is required, Circana denies the remaining allegations in paragraph 220.

221. Circana denies the allegations in paragraph 221 of the FAC.

222. Circana denies the allegations in paragraph 222 of the FAC.

223. Circana denies the allegations in paragraph 223 of the FAC.

224. Circana denies the allegations in paragraph 224 of the FAC.

225. Circana denies the allegations in paragraph 225 of the FAC.

226. Circana denies the allegations in paragraph 226 of the FAC.

227. Circana denies that ████████████████████████████████ ████████████████████ Circana lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 227 and, on that basis, denies them.

228. Circana denies that ████████████████████████████████ ███████████████████████ Circana lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 228 and, on that basis, denies them.

229. Circana denies the allegations in paragraph 229 of the FAC.

230. The Court dismissed NielsenIQ's breach of contract claim based on Circana's alleged post-lawsuit conduct (*see* Dkt. 152). As such, no response to paragraph 230 is required. If any response is required, the allegations are denied.

231. The Court dismissed NielsenIQ's breach of contract claim based on Circana's alleged post-lawsuit conduct (*see* Dkt. 152). As such, no response to paragraph 231 is required. If any response is required, the allegations are denied.

232.    The Court dismissed NielsenIQ's breach of contract claim based on Circana's alleged post-lawsuit conduct (*see* Dkt. 152).  As such, no response to paragraph 232 is required. If any response is required, the allegations are denied.

233.    Paragraph 233 alleges a legal conclusion to which no response is required.  If a response is required, Circana denies the allegations in paragraph 233.

234.    Paragraph 234 alleges a legal conclusion to which no response is required.  If a response is required, Circana denies the allegations in paragraph 234 and denies that NielsenIQ is entitled to any relief.

### FIFTH CAUSE OF ACTION AGAINST DEFENDANT

**(Threatened Trade Secret Misappropriation Under the Defend Trade Secrets Act)**

235.    Circana incorporates its responses to paragraphs 1 through 234 above.

236.    Paragraph 236 alleges a legal conclusion to which no response is required.  If a response is required, Circana denies the allegations in paragraph 236, except admits that NielsenIQ purports to bring a claim under the Defend Trade Secrets Act, 18 U.S.C. § 1836.

237.    Circana denies the allegations in paragraph 237 of the FAC.

238.    Circana denies that it has misused any of the information that may be intended to be within the description in paragraph 238.  Circana lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 238 and, on that basis, denies them.

239.    Circana admits that  Circana also admits that it is prepared to sequester and keep confidential any information that NielsenIQ shows it has provided to Circana regarding but denies that NielsenIQ has done so.  Circana denies the remaining

allegations in paragraph 239. Circana further denies that the list of alleged "Trade Secrets" sufficiently defines particular information that may be subject to protection, leaving Circana uncertain and without sufficient information or belief as to the content at issue in this action and alleged herein.

240. Circana lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 240 and, on that basis, denies them.

241. Circana lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 241 and, on that basis, denies them.

242. Circana lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 242 and, on that basis, denies them.

243. Circana denies the allegations in paragraph 243 of the FAC.

244. Circana lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 244 and, on that basis, denies them.

245. Circana lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 245 and, on that basis, denies them.

246. Circana lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 246 and, on that basis, denies them.

247. Circana lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 247 and, on that basis, denies them.

248. Circana denies that ███████████████████████████ ███████████████████ Circana lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 248 and, on that basis, denies them.

249.    Paragraph 249 alleges a legal conclusion to which no response is required.  If a response is required, Circana lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 249 and, on that basis, denies them.

250.    Circana lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 250 and, on that basis, denies them.

251.    Circana denies the allegations in paragraph 251 of the FAC.

252.    Circana denies the allegations in paragraph 252 of the FAC.

253.    Circana denies the allegations in paragraph 253 of the FAC.

254.    Circana admits that ███████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

██████████████████████  Circana denies any other allegations of paragraph 204.

255.    Circana admits the allegations in paragraph 255, subject to the understanding that an "unauthorized disclosure and/or use" is one not permitted by the Agreement or other principles of law or equity.

256.    Circana denies the allegations in paragraph 256 of the FAC.

257.    Circana denies the allegations in paragraph 257 of the FAC.

258.    Circana lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegation that "NielsenIQ's Trade Secrets were and are used by NielsenIQ in its business continuously," and, on that basis, denies it.  Circana denies the remaining allegations in paragraph 258.

259.    Circana denies the allegations in paragraph 259 of the FAC.

260.    Circana denies the allegations in paragraph 260 of the FAC.

261.    Circana denies the allegations in paragraph 261 of the FAC.

262.    Circana denies the allegations in paragraph 262 of the FAC.

263.    Paragraph 263 alleges a legal conclusion to which no response is required.  If a response is required, Circana denies the allegations in paragraph 263.

264.    Paragraph 264 alleges a legal conclusion to which no response is required.  If a response is required, Circana denies the allegations in paragraph 264 and denies that NielsenIQ is entitled to any relief.

## <u>SIXTH CAUSE OF ACTION AGAINST DEFENDANT</u>

### (Threatened Trade Secret Misappropriation Under New York Common Law)

265.    Circana incorporates its responses to paragraphs 1 through 264 above.

266.    Circana lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 266, and in particular that ███████████████ ████████████████████████████████████ and on that basis denies them.

267.    Circana lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegation that ████████████████████████████████████ ████████████ and, on that basis, denies it.  Circana denies the remaining allegations in paragraph 267.

268.    Circana denies that ████████████████████████████ ████████████████ Circana lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 268 and, on that basis, denies them.

269.    Paragraph 269 alleges a legal conclusion to which no response is required.  If a response is required, Circana lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 269 and, on that basis, denies them.

270.    Circana lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 270 and, on that basis, denies them.

271.     Circana lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 271 and, on that basis, denies them.

272.     Circana lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 272 and, on that basis, denies them.

273.     Circana denies the allegations in paragraph 273 of the FAC.

274.     Circana denies the allegations in paragraph 274 of the FAC.

275.     Paragraph 275 alleges a legal conclusion to which no response is required.  If a response is required, Circana denies the allegations in paragraph 275.

276.     Paragraph 276 alleges a legal conclusion to which no response is required.  If a response is required, Circana denies the allegations in paragraph 276 and denies that NielsenIQ is entitled to any relief.

<u>**SEVENTH CAUSE OF ACTION AGAINST DEFENDANT**</u>

**(Unfair Competition)**

277.     The Court dismissed NielsenIQ's unfair competition claim (*see* Dkt. 152).  As such, no response to paragraph 277 is required.

278.     The Court dismissed NielsenIQ's unfair competition claim (*see* Dkt. 152).  As such, no response to paragraph 278 is required.

279.     The Court dismissed NielsenIQ's unfair competition claim (*see* Dkt. 152).  As such, no response to paragraph 279 is required.

280.     The Court dismissed NielsenIQ's unfair competition claim (*see* Dkt. 152).  As such, no response to paragraph 280 is required.

281.     The Court dismissed NielsenIQ's unfair competition claim (*see* Dkt. 152).  As such, no response to paragraph 281 is required.

282.    The Court dismissed NielsenIQ's unfair competition claim (*see* Dkt. 152).  As such, no response to paragraph 282 is required.

283.    The Court dismissed NielsenIQ's unfair competition claim (*see* Dkt. 152).  As such, no response to paragraph 283 is required.

284.    The Court dismissed NielsenIQ's unfair competition claim (*see* Dkt. 152).  As such, no response to paragraph 284 is required.

285.    The Court dismissed NielsenIQ's unfair competition claim (*see* Dkt. 152).  As such, no response to paragraph 285 is required.

286.    The Court dismissed NielsenIQ's unfair competition claim (*see* Dkt. 152).  As such, no response to paragraph 286 is required.

287.    The Court dismissed NielsenIQ's unfair competition claim (*see* Dkt. 152).  As such, no response to paragraph 287 is required.

288.    The Court dismissed NielsenIQ's unfair competition claim (*see* Dkt. 152).  As such, no response to paragraph 288 is required.

289.    The Court dismissed NielsenIQ's unfair competition claim (*see* Dkt. 152).  As such, no response to paragraph 289 is required.

290.    The Court dismissed NielsenIQ's unfair competition claim (*see* Dkt. 152).  As such, no response to paragraph 290 is required.

291.    The Court dismissed NielsenIQ's unfair competition claim (*see* Dkt. 152).  As such, no response to paragraph 291 is required.

292.    The Court dismissed NielsenIQ's unfair competition claim (*see* Dkt. 152).  As such, no response to paragraph 292 is required.

293.    The Court dismissed NielsenIQ's unfair competition claim (*see* Dkt. 152).  As such, no response to paragraph 293 is required.

## PRAYER FOR RELIEF

Circana denies that NielsenIQ is entitled to any of the relief requested in the First Amended Complaint or any relief whatsoever.  Circana denies all allegations not specifically admitted above.

## GENERAL DENIAL

Unless expressly admitted above, Circana denies each and every allegation set forth in the FAC.

## AFFIRMATIVE AND OTHER DEFENSES

Circana incorporates by reference herein the denials and admissions set forth above. Circana asserts the below-listed defenses.  Circana does not hereby intend to assume the burden of proof with respect to issues for which NielsenIQ bears the burden under law.  Circana undertakes the burden of proof only as to those defenses deemed affirmative defenses by law and with respect to which the law imposes such burden on Circana, regardless of how such defenses are designated herein.  Circana expressly reserves the right to amend or supplement these defenses if additional defenses, counterclaims, or third-party claims become apparent through the course of this case. Circana further reserves the right to assert additional defenses based on information learned or obtained through discovery or further investigation.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

The FAC fails to state, and NielsenIQ cannot prove, a claim upon which relief can be granted, including but not limited to, the following defenses to the extent such are considered to be affirmative defenses.  NielsenIQ's claims against Circana are barred to the extent that NielsenIQ fails to identify its alleged trade secrets and other confidential proprietary information with reasonable particularity.  NielsenIQ's claims against Circana are barred to the extent that the information claimed by NielsenIQ to constitute trade secrets or confidential information are not

trade secrets or confidential in that, among other things, they are generally known to the public, to persons in the industry in which NielsenIQ does business, and/or to others who can obtain economic value from their disclosure or use. NielsenIQ's claims against Circana are barred because, even if Circana had knowledge of NielsenIQ's confidential information or trade secrets, they have not disclosed or used such information for any improper purpose. NielsenIQ's claims against Circana are barred because NielsenIQ's breach of the duty of good faith and fair dealing claim is impermissibly duplicative of NielsenIQ's breach of contract claims. NielsenIQ is not entitled to damages because Circana's conduct was not the cause in fact or proximate cause of the damages, if any, suffered by NielsenIQ. NielsenIQ fails to state facts sufficient for an award of punitive damages.

## SECOND AFFIRMATIVE DEFENSE

### (Failure to Reasonably Maintain Secrecy)

NielsenIQ's trade secret claims are barred in whole or in part because NielsenIQ failed to take reasonable efforts to maintain secrecy and/or disclosed the information to others without adequate protections of confidentiality.

## THIRD AFFIRMATIVE DEFENSE

### (Failure to Reasonably Maintain Secrecy)

The FAC is barred, in whole or in part, because Plaintiff has not suffered any injury-in-fact or damages as a result of any alleged acts or omissions by Circana.

## FOURTH AFFIRMATIVE DEFENSE

### (Discovery Through Fair and Proper Means)

NielsenIQ's trade secret claims are barred, in whole or in part, because the identified information and/or technologies were independently developed through fair and proper means by Circana.

## FIFTH AFFIRMATIVE DEFENSE

### (License)

NielsenIQ's claims are barred, in whole or in part, because any alleged trade secret and/or confidential information upon which NielsenIQ bases its claims was licensed to Circana under the parties' Agreement, including at least Section 1.5 of the Agreement, which states: ██████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

██████████████████████ and Section 6.1 of the Agreement.

## SIXTH AFFIRMATIV EDEFENSE

### (Waiver)

NielsenIQ has waived, relinquished, or abandoned any claim for relief based on the language of the parties' Agreement, including at least Section 6.1, which states: ██████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

█████████████ NielsenIQ's claimed are barred by Section 7 of the Agreement, which ████████████████████████████████████████

███████████████████████████████████████

█████████████████████

## SEVENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

NielsenIQ has unclean hands for at least the reasons asserted in Circana's counterclaims, which it incorporates herein by reference, as well as NielsenIQ's lack of good faith in asserting its ownership of rights that it expressly disclaimed in the parties' Agreement.

## EIGHTH AFFIRMATIVE DEFENSE

### (No Irreparable Harm)

NielsenIQ's claims for injunctive relief are barred because NielsenIQ cannot show that it will suffer irreparable harm from Circana's alleged actions.

## NINTH AFFIRMATIVE DEFENSE

### (Damages Speculative)

NielsenIQ's claims are barred, in whole or in part, because the alleged damages and injury, if any, are purely speculative and impossible to prove or allocate.

## TENTH AFFIRMATIVE DEFENSE

### (Justification and/or Fair Competition)

NielsenIQ's claims are barred, in whole or in part, because on information and belief, Circana's actions as alleged in the FAC were justified and are protected by the privilege of fair competition.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Bad Faith Claim of Trade Secret Misappropriation)

NielsenIQ's fifth cause of action is barred because NielsenIQ is prosecuting its claims in bad faith and for an improper purpose; therefore, Circana is entitled to an award of reasonable attorneys' fees pursuant to 18 U.S.C. § 1836(b)(3)(D).

## TWELFTH AFFIRMATIVE DEFENSE

### (Failure of Performance)

Any lack of performance by Circana is excused due to NielsenIQ's non-performance or breach for at least the reasons asserted in Circana's counterclaims, which it incorporates herein by reference.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

NielsenIQ's claims against Circana are barred, in whole or in part, because NielsenIQ failed to mitigate damages.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Offset)

NielsenIQ's claims against Circana are barred, in whole or in part, because any claim to damages must be offset and/or reduced by the amount that NielsenIQ owes to Circana.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Reservation of Rights)

The above defenses and affirmative defenses are based on the facts and information currently known to Circana. Circana reserves the right to amend or add defenses or affirmative defenses based on facts later discovered, pleaded, or offered. Circana's exclusion of matters for which Plaintiff bears the burden of proof from this Answer should not be construed as a waiver of Circana's right and ability to contents such matters in the future.

## RESERVATION OF ADDITIONAL DEFENSES

Circana does not presently know all facts concerning NielsenIQ's conduct and claims sufficient to state all affirmative defenses at this time. Circana will seek leave of the Court to

amend should it later discover facts demonstrating the existence of additional affirmative defenses.

Circana reserves any and all additional affirmative defenses available to it.

### DEMAND FOR JURY TRIAL

Circana demands a trial by jury for all issues so triable.

Respectfully submitted,

Dated:  September 18, 2023                    FENWICK & WEST LLP


By:  */s/ Laurence F. Pulgram*
Laurence F. Pulgram (admitted *pro hac vice*)
Todd R. Gregorian (admitted *pro hac vice*)
Shannon E. Turner (NY Bar No. 5266416)
**FENWICK & WEST LLP**
555 California Street, 12th Floor
San Francisco, CA  94104
Telephone:  415.875.2300
Facsimile:  415.281.1350

Charles E. Moulins (NY Bar No. 5304688)
**FENWICK & WEST LLP**
902 Broadway, Suite 14
New York, NY  10010
Telephone:  415.875.2300
Facsimile:  650.938.5200

*Attorneys for Defendant and Counterclaimant*
Circana Group L.P., f/k/a The NPD Group, L.P.