UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x
:
NIELSEN CONSUMER LLC d/b/a NIELSENIQ,  :   Case No. 1:22-cv-3235-JPO
:
Plaintiff,    :   **STIPULATION AND**
:   **PROTECTIVE ORDER**
v.    :
:
CIRCANA GROUP L.P., f/k/a THE NPD GROUP,  :
L.P.,    :
:
Defendant.   :
:
------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/8/2023

WHEREAS, the parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby ORDERED that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the pre-trial phase of this action:

1.     Any party to this litigation and any third party may designate as "CONFIDENTIAL" and subject to this Order any information, document, testimony, or thing, or portion thereof: (a) that contains private or confidential personal information, (b) that contains information received in confidence from third parties, or (c) which the producing party otherwise believes in good faith to be entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure, including copies, information extracted from protected material, summaries or compilations, and conversations or presentations by the parties or their counsel that might reveal Confidential material.

2.     Any party to this litigation and any third party may designate as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and subject to this Order any information, document, testimony, or thing, or portion thereof: (a) that contains trade secrets or competitively

sensitive technical, marketing, financial, sales or other confidential business information, or (b) that contains highly sensitive business or personal information, the disclosure of which is highly likely to cause significant harm to an individual or to the business or competitive position of the designating party.

3. Together, "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" materials are referred to herein as "Protected Material."

4. The producing party shall affix to all documents the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains Protected Material.

5. For testimony given in deposition or in other pretrial or trial proceedings, the designating party may specify, at the deposition or up to 30 days afterwards, that the entire transcript or portions of the transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  The designating party shall give notice to other parties if it reasonably expects that portions of a deposition, hearing, or other proceeding to include Protected Material so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present.

6. The use of a document as an exhibit at a deposition shall not in any way affect its designation as Protected Material. When a party's or third party's Protected Material is discussed or disclosed during deposition, the party or third party may exclude any person not authorized under this Order to have access to the Protected Material from the deposition while the Protected Material is disclosed or discussed.

7. Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the designating party.  The designating party shall inform the court reporter of these requirements.  Any transcript that is prepared before the expiration of a 30-day period for designation shall be treated during that period as if it had been designated

"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

8. Notwithstanding any party's designation of Protected Material, there is no presumption that such material shall qualify as a trade secret or is otherwise confidential for purposes of the parties' merits dispute, nor shall such designation affect any burden of proof.

9. The Protected Material disclosed will be held and used by the person receiving such information solely for use in connection with this action.

10. A party may challenge another party's designation of Protected Material by providing written notice of each designation it is challenging and describing the factual and legal basis for each challenge, reciting this paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice-to-voice dialogue) within 10 days of the date of service of notice. In the absence of a resolution, the challenging party may seek resolution by the Court within 14 days of the initial notice of the challenge or within 5 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. The burden of persuasion in any such challenge proceeding shall be on the designating party. Frivolous challenges and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions.

11. Nothing in this Protective Order constitutes an admission by any party that Protected Material disclosed in this case is relevant or admissible or is a trade secret. Each party reserves the right to object to the use or admissibility of the Protected Material.

12. A receiving party may use Protected Material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to resolve this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a receiving party must comply with the provisions of paragraph 23 below. A receiving party must

store and maintain Protected Material at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

13. Unless otherwise ordered by the Court or permitted in writing by the designating party, a receiving party may disclose any information or item designated "CONFIDENTIAL" only to:

 a. The receiving party's outside counsel of record, as well as employees of such counsel assigned to and necessary to assist in the litigation;

 b. The officers, directors, consultants, and employees (including in-house counsel) of the receiving party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgement and Agreement to be Bound" (Exhibit A);

 c. Experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel and who have signed the "Acknowledgement and Agreement to be Bound" (Exhibit A);

 d. The Court and its personnel (including the mediator, or other person having access to any Protected Material by virtue of his or her position with the Court), jurors and mock jurors, court reporters and their staff;

 e. Professional jury or trial consultants, professional vendors, the employees and subcontractors of each of the foregoing, and any other providers of litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) to whom disclosure is reasonably necessary for litigation and who have signed the "Acknowledgement and Agreement to be Bound" (Exhibit A);

 f. During their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgement and Agreement to be Bound" (Exhibit A); and

 g. The author or recipient of a document containing the information or a custodian or other person who otherwise received, possessed, or knew the information.

14. Unless otherwise ordered by the Court or permitted in writing by the designating party, a receiving party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

    a. The receiving party's outside counsel of record, as well as employees of such counsel assigned to and necessary to assist in the litigation;

    b. No more than two designated in-house counsel of the receiving party, identified by the receiving party in advance, to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgement and Agreement to be Bound" (Exhibit A);

    c. Experts of the receiving party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to be Bound" (Exhibit A);

    d. The Court and its personnel (including the mediator, or other person having access to any Protected Material by virtue of his or her position with the Court), jurors and mock jurors, court reporters and their staff;

    e. Professional jury or trial consultants, professional vendors, the employees and subcontractors of each of the foregoing, and any other providers of litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) to whom disclosure is reasonably necessary for litigation and who have signed the "Acknowledgement and Agreement to be Bound" (Exhibit A); and

    f. The author or recipient of a document containing the information or a custodian or other person who otherwise received, possessed, or knew the information.[1]

15. Prior to disclosing or displaying Protected Material to any person, counsel must:

    a. Inform the person of the confidential nature of the information or documents;

---

[1] If production of either party's source code is implicated during discovery, the parties will meet and confer regarding any necessary amendments to this order including, as needed, a separate Source Code Addendum.

  b. Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and

  c. If required by paragraph 12 or 13 of this Protective Order, require each such person to sign the "Acknowledgment and Agreement to be Bound" (Exhibit A).

16. Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information or items to experts.

  a. Unless otherwise ordered by the court or agreed to in writing by the designating party, a party that seeks to disclose to an expert any Protected Material first must provide a written notice to the designating party that (1) sets forth the full name of the expert and the city and state of his or her primary residence, (2) attaches a copy of the expert's current resume, (3) identifies the expert's current employer(s), (4) identifies each person or entity from whom the expert has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including but not limited to in connection with a litigation, at any time during the preceding five years, and (5) identifies by name, case number, filing date, and court location any litigation in connection with which the expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.

  b. A party that makes written notice and provides the information specified in the preceding paragraph may disclose the subject Protected Material to the identified expert unless, within 7 days of delivering the notice, the party receives a written objection from the designating party. Any such objection must set forth in detail the grounds on which it is based.

  c. A party that receives a timely written objection must meet and confer with the designating party to try to resolve the matter within seven days of the written objection. If no agreement is reached, the party objecting to the disclosure to the expert may file a motion, which must describe the circumstances, set forth in detail the reasons why it is objecting to disclosure, assess the risk of harm that the disclosure would entail, and suggest any additional means that

could reduce that risk. Any such motion must be accompanied by a declaration describing the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the designating party for its refusal to approve the disclosure. In any such proceeding, the party opposing disclosure to the expert shall bear the burden of proving that the risk of harm of disclosure outweighs the receiving party's need to disclose the Protected Material to its proposed expert.

17. The disclosure of a document or information without designating it as Protected Material shall not constitute a waiver of the right to designate such document or information as Protected Material. If so designated, the document or information shall thenceforth be treated as Protected Material subject to all the terms of this Stipulation and Order.

18. Should any Protected Material be disclosed by a receiving party to any person not otherwise authorized to have access to such information under paragraphs 13 and 14 of this Order, the receiving party shall: (a) use its best efforts to obtain the prompt return or destruction of any such material and to bind such person to the terms of this Order; (b) within three (3) business days of the discovery of such disclosure, inform such person of the provisions of this Order; (c) identify such person and the material disclosed to the producing party; and (d) request such person to sign an undertaking in the form of Exhibit A attached hereto. If executed, the undertaking shall be served upon counsel of record for the producing party within three (3) days of its receipt by the receiving party. The requirements set forth in this paragraph shall not prevent the producing party from applying to the Court for further or additional relief.

19. Any Personally Identifying Information ("PII") (*e.g.*, social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure and confidential and shared only with authorized individuals in a secure manner. The producing party may specify the minimal level of protection expected in the storage and transfer of its information. In the event the party who received PII experiences a data breach, it shall immediately notify the producing party of same and cooperate with the producing party to address and remedy the breach. Nothing

herein shall preclude the producing party from asserting legal claims or constitute a waiver of legal rights and defenses in the event of litigation arising out of the receiving party's failure to appropriately protect PII from unauthorized disclosure.

20. Pursuant to Federal Rule of Evidence 502, the production of privileged or work-product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI, or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

21. If a producing party inadvertently or mistakenly produces information, documents, or tangible items that should have been withheld subject to a claim of attorney-client privilege, work product immunity, or on any other grounds, such production shall not prejudice such claim or otherwise constitute a waiver of any claims of attorney-client privilege, work product immunity, or otherwise for such information, provided that the producing party makes a good-faith representation in writing within seven (7) days upon discovery of the inadvertent disclosure that such protection was inadvertent or mistaken and takes prompt remedial action to withdraw the disclosure. Within four (4) days of receiving a written request to do so from the producing party, the receiving party shall return to the producing party or certify the destruction of any documents or tangible items that the producing party requests were inadvertently or mistakenly produced. The receiving party shall also destroy all copies or summaries of, or notes relating to, any such inadvertently or mistakenly produced information; provided, however, that this Order shall not preclude the party returning such information from making a motion to compel production of the returned information. The producing party shall retain copies of all returned documents and tangible items for further disposition.

22. No information that is in the public domain or which is already known by the receiving party through proper means or which is or becomes available to a party from a source other than the party asserting confidentiality, rightfully in possession of such information on a non-confidential basis, shall be deemed or considered to be Protected Material under this Order.

23. Notwithstanding the designation of Protected Material in discovery, there is no presumption that such information shall be filed with the Court under seal. The parties shall follow the Court's procedures with respect to filing under seal. Consistent with the Court's procedures with respect to filing under seal, neither party is permitted to file material designated by another party as Protected Material publicly without the other party's consent unless the designation of such Protected Material is successfully challenged under the terms of this Order or otherwise ordered by the Court.

24. At the conclusion of litigation, Protected Material and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files, including email, on the condition that those files will remain protected.

25. Nothing herein shall preclude the parties from disclosing Protected Material if otherwise required by law or pursuant to a valid subpoena, provided that a party served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as Protected Material, that party must: (a) promptly notify in writing the designating party, including a copy of the subpoena or court order; (b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this protective order, which notification shall include a copy of this stipulated protective order; and (c) cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose protected material may be affected. If the designating party timely seeks a protective order, the party served with the subpoena or court order shall not produce any information designated in this action as Protected

Material before a determination by the court from which the subpoena or order issued, unless the party has obtained the designating party's permission. The designating party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court.

SO STIPULATED AND AGREED.

Dated: November 8, 2023                     PAUL HASTINGS LLP

                                            By: /s/ DRAFT
                                                Joshua Berman
                                                Laura Logsdon

                                            Attorneys for NielsenIQ

Dated: November 8, 2023                     FENWICK & WEST LLP

                                            By: /s/ DRAFT
                                                Laurence F. Pulgram
                                                Todd R. Gregorian
                                                Shannon E. Turner
                                                Charles Moulins

                                            Attorneys for Circana Group L.P.

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated: 11/8/2023

                                            *Katharine H Parker*
                                            Honorable Katharine H. Parker
                                            United States Magistrate Judge

# EXHIBIT A

## ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Southern District of New York on _____ [date] in the case of Nielsen Consumer LLC d/b/a NielsenIQ v. Circana Group L.P., f/k/a The NPD Group, L.P., Case No. 1:22-cv-3235-JPO.  I have been informed by counsel that certain documents or information to be disclosed to me in connection with this matter have been designated as Protected Material.  I acknowledge that any such documents or information labeled "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" are confidential by Order of the Court.

    I hereby agree that I will not disclose any information contained in such documents to any other person.  I further agree not to use any such information for any purpose other than this litigation.

Date: _____

City and State where signed: _____

Printed name: _____

Signature: _____