UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NIELSON CONSUMER LLC,

                        Plaintiffs,

        -against-

CIRCANA GROUP, L.P.,

                        Defendant.

**ORDER**

22-CV-3235 (JPO)(KHP)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/6/2024

**KATHARINE H. PARKER, United States Magistrate Judge:**

        This action concerns claims against Circana Group, L.P.'s ("Circana" or "Defendant") brought by Nielsen Consumer LLC d/b/a NielsenIQ ("NielsenIQ" or "Plaintiff") for breach of contract, misuse and misappropriation of confidential and proprietary information and trade secrets, breach of good faith and fair dealing, and unfair competition.

        Plaintiff has moved to seal documents submitted in connection with Plaintiff's Third Amended Complaint ("TAC"). (ECF Nos. 283, 284.) NielsenIQ has moved to seal portions of its TAC and the entirety of its two attached exhibits. This motion is now before the Court. For the reasons stated below, the motion to seal is GRANTED.

**LEGAL FRAMEWORK**

        The common law and the First Amendment accord a presumption of public access to judicial documents. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006). The public's presumptive right of access to judicial documents is "potent and fundamental," *Mirlis v. Greer*, 952 F.3d 51, 58 (2d Cir. 2020) (citation omitted), and is "integral to our system of government," *United States v. Erie Cty., N.Y.*, 763 F.3d 235, 238-39 (2d Cir. 2014).

In considering a motion to seal, the court undertakes a three-part analysis.  First, the court must determine whether the document is in fact a judicial document.  A judicial document is "a filed item that is 'relevant to the performance of the judicial function and useful in the judicial process.'"  *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 139 (2d Cir. 2016) (*quoting Lugosch*, 435 F.3d at 119).  "Documents that are never filed with the court, but simply 'passed between the parties in discovery,'" are not judicial documents and lie "beyond the presumption's reach."  *Brown v. Maxwell*, 929 F.3d 41, 49-50 (2d Cir. 2019).  When a document becomes a "judicial document," the presumption of public access attaches.

Second, once the Court finds that the document is a "judicial document," the court must determine the weight of the presumption that attaches.  The weight given the presumption of access is "governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts."  *Id.* at 49.  "The strongest presumption attaches where the documents 'determin[e] litigants' substantive rights,' and [the presumption] is weaker where the 'documents play only a negligible role in the performance of Article III duties.'"  *Olson v. Major League Baseball*, 29 F.4th 59, 89-90 (2d Cir. 2022) (citations omitted).  "Thus, a strong presumption attaches to materials filed in connection with dispositive motions, such as a motion to dismiss or a summary judgment motion."  *Id.*  The weight accorded to the presumptive right to public access is lower if the document is submitted in connection with a discovery dispute or other non-dispositive motion.  *Brown*, 929 F.3d at 49-50.

The fact that the information was designated by the parties in discovery as confidential under a protective order or was produced pursuant to a protective order has no bearing on the

weight accorded to the presumption of public access and is not sufficient to overcome the presumption of public access.  *Dodona I, LLC v. Goldman, Sachs & Co.*, 119 F. Supp. 3d 152, 155 (S.D.N.Y. 2015); *see also Rojas v. Triborough Bridge & Tunnel Auth.*, 2022 WL 773309, at *2 (S.D.N.Y. Mar. 14, 2022) ("[T]he showing required in connection with a sealing motion is significantly higher than the burden for obtaining a protective order in civil discovery.")

Third, once the Court has determined the weight to accord the presumption of public access, it must determine whether competing considerations outweigh the presumption. *Lugosch*, 435 F.3d at 120.  Regardless of the weight that must be accorded to the presumption, the court must make "specific, on the record findings" that sealing is necessary "to preserve higher values," and "is narrowly tailored to serve that interest."  *Id*.  The court may deny public disclosure of the record only "if the factors counseling against public access outweigh the presumption of access afforded to that record."  *Olson*, 29 F.4th at 88.

"Higher values" the preservation of which might warrant sealing include personal privacy interests, public safety, the preservation of attorney-client privilege, and the protection of competitively sensitive business information.  *Bernsten v. O'Reilly*, 307 F. Supp. 3d 161, 168 (S.D.N.Y. 2018); *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015).  A sealing request is "narrowly tailored" when it seeks to seal *only* that information that must be sealed to preserve higher values.  *Susquehanna Int'l Grp. Ltd. v. Hibernia Express (Ir.) Ltd.*, 2021 WL 3540221, at *4 (S.D.N.Y. Aug. 11, 2021).

**APPLICATION**

As an initial matter, the documents in question are "judicial documents" in which the presumption of public access attaches.  *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*,

814 F.3d 132, 140 (2d Cir. 2016) ("pleadings. . . are Judicial records subject to a presumption of public access.")  Further, there is a strong right of public access to a complaint and the historical default has been to keep them publicly accessible as they serve a "significant positive role" in the judicial process.  *Id.* at 141 (quoting Lugosch, 435 F.3d at 120) (internal quotation marks omitted).

Having established that the documents in question are judicial documents to which a strong presumption of public access attaches, the Court now turns to considering whether there are countervailing "higher values" that outweigh the presumption.

The information that the parties seek to seal pertains to (1) confidential NielsenIQ "information or documents"; (2) Nielsen trade secrets and information; (3) and "commercially sensitive business information pertaining to the parties' relationship" that could cause competitive harm.  The two exhibits that the parties seek to seal are an agreement between the parties, and a later amendment to that agreement.  The parties argue that this information is personally sensitive and confidential banking information that was produced subject to protective orders in this case and other cases, and accordingly sealing is warranted.

"Notwithstanding the presumption of public access to judicial records, courts may deny access to records that are 'sources of business information that might harm a litigant's competitive standing.'"  *In re Parmalat Sec. Litig.*, 258 F.R.D. 236, 244 (S.D.N.Y. 2009) (internal citations omitted).  Such business information need not be a "true" trade secret in order to warrant protection from disclosure, but Courts apply trade secret law to determine if the relevant information is sensitive enough to warrant sealing.  *Id.*  For example, in order to warrant protection from disclosure, the information must "be secret" and not be "of general

knowledge in an industry." See *Uni-Sys., LLC v. United States Tennis Ass'n, Inc.*, 2019 WL 3753780, at *4 (E.D.N.Y. Aug. 8, 2019)(quoting *Kewanee Oil Co. v. Bicron Corp.*, 416 U.S. 470, 475, 94 S. Ct. 1879, 40 L. Ed. 2d 315 (1974)).

Here, the Court concludes that Nielsen has met its burden of demonstrating higher values to overcome the presumption of access and justify sealing at this phase. Courts in this District have allowed sealing of the underlying agreements between parties where, as here, those agreements cover exchange and use of trade secret information. *See W.J. Deutsch & Sons Ltd. v. Diego Zamora, S.A.*, 2022 WL 890184, at *3 (S.D.N.Y. Mar. 25, 2022). Finally, the Court concludes that the scope of the proposed redactions is reasonable and narrowly tailored to cover only the sensitive information that could lead to competitive disadvantage if disclosed.

## CONCLUSION

Plaintiff's motion to seal is granted. **The Clerk of the Court is respectfully directed to terminate the motion to seal at ECF No. 283.**

By **Wednesday, March 13, 2024**, the Plaintiff shall publicly file their amended complaint and exhibits with the limited redactions they proposed. The filings shall be clearly labeled on ECF as public filings of the Amended Complaint with exhibits and should electronically reference the sealed version of the documents on ECF. If the parties do not publicly file the documents with narrow redactions in accordance with this opinion by March 13, 2024, the Court will direct that the documents be unsealed.

**SO ORDERED.**

Dated: March 6, 2024
New York, New York

_____
KATHARINE H. PARKER
United States Magistrate Judge