UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NIELSON CONSUMER LLC,

                Plaintiffs,

-against-

CIRCANA GROUP, L.P.,

                Defendant.

**ORDER**

**22-CV-3235 (JPO)(KHP)**

**KATHARINE H. PARKER, United States Magistrate Judge:**

This action concerns claims against Circana Group, L.P.'s ("Circana" or "Defendant") brought by Nielsen Consumer LLC d/b/a NielsenIQ ("Nielsen" or "Plaintiff") for breach of contract, misuse and misappropriation of confidential and proprietary information and trade secrets, breach of good faith and fair dealing, and unfair competition.

Parties have moved to seal documents submitted in connection with Defendant's request for a pre-motion conference. (ECF Nos. 286, 292, 295.) These motions are now before the Court. For the reasons stated below, the motions to seal are GRANTED in part and DENIED in part.

## LEGAL FRAMEWORK

The common law and the First Amendment accord a presumption of public access to judicial documents. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006). The public's presumptive right of access to judicial documents is "potent and fundamental," *Mirlis v. Greer*, 952 F.3d 51, 58 (2d Cir. 2020) (citation omitted), and is "integral to our system of government," *United States v. Erie Cty., N.Y.*, 763 F.3d 235, 238-39 (2d Cir. 2014).

In considering a motion to seal, the court undertakes a three-part analysis. First, the court must determine whether the document is in fact a judicial document. A judicial document is "a filed item that is 'relevant to the performance of the judicial function and useful in the judicial process.'" *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 139 (2d Cir. 2016) (*quoting Lugosch*, 435 F.3d at 119). "Documents that are never filed with the court, but simply 'passed between the parties in discovery,'" are not judicial documents and lie "beyond the presumption's reach." *Brown v. Maxwell*, 929 F.3d 41, 49-50 (2d Cir. 2019). When a document becomes a "judicial document," the presumption of public access attaches.

Second, once the Court finds that the document is a "judicial document," the court must determine the weight of the presumption that attaches. The weight given the presumption of access is "governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *Id.* at 49. "The strongest presumption attaches where the documents 'determin[e] litigants' substantive rights,' and [the presumption] is weaker where the 'documents play only a negligible role in the performance of Article III duties.'" *Olson v. Major League Baseball*, 29 F.4th 59, 89-90 (2d Cir. 2022) (citations omitted). "Thus, a strong presumption attaches to materials filed in connection with dispositive motions, such as a motion to dismiss or a summary judgment motion." *Id.* The weight accorded to the presumptive right to public access is lower if the document is submitted in connection with a discovery dispute or other non-dispositive motion. *Brown*, 929 F.3d at 49-50.

The fact that the information was designated by the parties as confidential under a protective order or was produced pursuant to a protective order has no bearing on the weight

accorded to the presumption of public access and is not sufficient to overcome the presumption of public access. *Dodona I, LLC v. Goldman, Sachs & Co.*, 119 F. Supp. 3d 152, 155 (S.D.N.Y. 2015); *see also Rojas v. Triborough Bridge & Tunnel Auth.*, 2022 WL 773309, at *2 (S.D.N.Y. Mar. 14, 2022) ("[T]he showing required in connection with a sealing motion is significantly higher than the burden for obtaining a protective order in civil discovery.")

Third, once the Court has determined the weight to accord the presumption of public access, it must determine whether competing considerations outweigh the presumption. *Lugosch*, 435 F.3d at 120. Regardless of the weight that must be accorded to the presumption, the court must make "specific, on the record findings" that sealing is necessary "to preserve higher values," and "is narrowly tailored to serve that interest." *Id*. The court may deny public disclosure of the record only "if the factors counseling against public access outweigh the presumption of access afforded to that record." *Olson*, 29 F.4th at 88.

"Higher values" the preservation of which might warrant sealing include personal privacy interests, public safety, the preservation of attorney-client privilege, and the protection of competitively sensitive business information. *Bernsten v. O'Reilly*, 307 F. Supp. 3d 161, 168 (S.D.N.Y. 2018); *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015). A sealing request is "narrowly tailored" when it seeks to seal *only* that information that must be sealed to preserve higher values. *Susquehanna Int'l Grp. Ltd. v. Hibernia Express (Ir.) Ltd.*, 2021 WL 3540221, at *4 (S.D.N.Y. Aug. 11, 2021).

## DISCUSSION

All the documents the parties' seek to seal are "judicial documents" in which the presumption of public access attaches. *Brown v. Maxwell*, 929 F.3d 41, 50 (2d Cir.

2019)("erroneous judicial decision-making with respect to. . . discovery matters can cause substantial harm.  Such materials are therefore of value 'to those monitoring the federal courts.'  Thus, all documents submitted in connection with, and relevant to, such judicial decision-making are subject to at least some presumption of public access.")  However, because the documents were filed in connection with discovery disputes, there is a lower need for public access, and a corresponding lower threshold for satisfying the sealing standard.  *Id*.  I address the documents below.  First, I address the portions of the letters themselves that the parties seek to file partly under seal and then I address exhibits to the letters.

1. **The Letter Motions at ECF Nos. 287, 293 and 296**

The parties have proposed redactions to the letter motions of information they contend should be filed under seal.  All the redacted information can fairly be characterized as "commercially sensitive business information pertaining to the parties' relationship" that could cause competitive harm.  Indeed, much of the information that the parties seek to seal has already been deemed appropriate to seal by the Honorable J. Paul Oetken.  *See* ECF Nos. 51, 87, 103, 114, 127, 134, 163, 209, 242.  Accordingly, for each of the three letter motions, the parties have met their burden of demonstrating higher values to overcome the presumption of access and the motion to file the redacted portions of the letters themselves (as opposed to the exhibits) under seal is therefore granted.

2. **Exhibits to ECF No. 287**

Exhibit A to ECF No. 287 contains a list which represents data akin to a customer list or research methodology, which are both categories of information typically protected from

disclosure. *See e.g., Tyson Foods, Inc. v. Keystone Foods Holdings, Ltd.*, 2020 WL 5819864, at *2 (S.D.N.Y. Sept. 30, 2020). Thus, this exhibit may be filed under seal in its entirety.

Exhibit B contains NielsenIQ's responses and objections to Defendants first set of requests for production ("RFPs"). ECF No. 287-2. As a general rule, the "blanket sealing" of an entire document is disfavored. *Imig, Inc. v. Omi Elec. Appliance Compay Co.*, 2021 WL 9628853, at *1 (E.D.N.Y. Jan. 11, 2021)(collecting cases). Upon review of Exhibit B, it is not clear that any "commercially sensitive information" or trade secrets appear in the document until page 6, in response to RFP No. 2. Even then, the potentially sensitive information is contained in the *request* but not in Nielsen's answer. The same is true for RFPs 3-12, wherein the only potentially sensitive information at issue is in the *request* but does not appear at all in Nielsen's answers. While some later answers do contain references to potentially sensitive information – only references to sensitive information in the requests or answers may be redacted. The remainder of the RFPs may not be redacted. Thus, the parties must submit a revised exhibit with far more tailored redactions consistent with the above. While the Court recognizes this may be a burdensome exercise for a 117-page exhibit, the parties chose to file certain discovery materials in their entirety instead of including only relevant excerpts from the RFPs and responses thereto. In the future, the parties are encouraged to file only necessary excerpts and to more narrowly tailor their proposed redactions and requests to seal.

For Exhibit C, a letter sent by Nielsen's counsel to Circana's, while some sections clearly contain sensitive information (e.g., under headers F, K and L), other sections (e.g. under headers "A." & "C.") do not contain any sensitive information. *See* ECF No. 287-3. Therefore, it is inappropriate for the entire exhibit to be kept under seal. Therefore, it may only be sealed in

part, with the information under headers F, K and L redacted and the remaining portion filed on the public record.  Exhibit D, a letter sent by Circana's counsel to Nielsen's counsel, contains references to some sensitive information – but also contains information about the parties' course of conduct in this litigation.  Filing this exhibit under seal in its entirety is inappropriate, and the request to seal it in its entirety is denied.  Circana must refile the letter with narrowly tailored redactions of the commercially sensitive information contained in lines 4-7, and within the numbered paragraphs 1-3.  Finally, Exhibit E, a letter from Nielsen's counsel to Circana's counsel, contains no commercially sensitive information whatsoever.  Although the letter is marked "Highly Confidential, Attorneys' Eyes Only," that has no bearing on whether the document is entitled to protection from disclosure once filed.  Since the letter only discusses the pace of parties' document production and a proposed discovery schedule, this document may not be sealed and will be unsealed.

   3. Exhibits to ECF No. 293

ECF No. 293, Nielsen's opposition to the motion for a conference, contains only one exhibit, a copy of Circana's responses to Nielsen's first set of requests for production.  For the reasons described in the Court's analysis of Exhibit B to ECF No. 287, it is inappropriate to file the entire document under seal.  Similar to ECF No. 287-2, it appears that no sensitive information appears in the relevant document until, at the earliest, page twelve.  Nielsen is ordered to resubmit a more narrowly redacted document consistent with this opinion.

   4. Exhibits to ECF No. 296

ECF No. 296, Circana's reply in support of its motion, contains three exhibits.  Exhibit A is a series of email communications between parties' counsel concerning their negotiations over

an electronically stored information ("ESI") protocol.  The exhibit also contains a tracked-changes version of the proposed ESI protocol.  Most, if not all, of the emails in the document do not contain commercially sensitive information – and therefore blanket sealing of the document is inappropriate. The ESI protocol itself also does not appear to contain any commercially sensitive information and therefore sealing is inappropriate.  Therefore, the motion to seal is denied as to this exhibit and it will be unsealed in its entirety.

Exhibit B is a letter from Circana's counsel to Nielsen's counsel, which is also filed under seal in its entirety.  The Court can identify several terms in the second half of the letter that refer to commercially sensitive subjects.  Therefore, Circana must publicly file this document with only limited redactions to lines eighteen through twenty two of the letter, which may be filed under seal. Finally, Exhibit C is a letter from Circana's counsel to Nielsen's counsel regarding alleged deficiencies in the parties' productions.  This document contains some references to commercially sensitive information under sub headers for "Documents 'Sufficient to Show,'" and for RFPs 1, 3, 4-6, 7, 8, 10, 11, 12, 14, 37-38, 39, 40, 41, 42, 43-46, 47, 48, 52, 53, 54, 55, 62-64, 65, 66, 67, 68, 69, 72, 74, and 76.  However, blanket sealing remains inappropriate.  Circana must refile the document on the public document with redactions only to sections listed above, which may be filed under seal.

## CONCLUSION

For the reasons set forth above, Plaintiff's motion to seal is granted in part and denied in part. **The Clerk of the Court is respectfully directed to terminate the motions to seal at ECF Nos. 286, 292, and 295.   The parties shall, in the future, endeavor to narrowly tailor their requests to seal.**

**The Clerk is directed to <u>unseal</u> the following documents: ECF Nos. 287-5 and 296-1. Only those specific exhibits should be unsealed.**

By **Friday, March 15, 2024**, the parties shall publicly file their documents and exhibits with more narrowly tailored redactions consistent with this opinion.  The filings shall be clearly labeled on ECF as public filings of the motions with exhibits and should electronically reference the sealed version of the documents on ECF.  If the parties do not publicly file the documents with narrow redactions in accordance with this opinion by March 15, 2024, the Court will direct that the documents be unsealed.

**SO ORDERED.**

Dated: March 6, 2024
New York, New York

*Katharine H. Parker*
_____
KATHARINE H. PARKER
United States Magistrate Judge