**PAUL HASTINGS**

April 24, 2024

Honorable Katharine H. Parker
U.S. District Court for the
Southern District of New York
Room 750
500 Pearl Street
New York, NY 10007

Re:    Nielsen Consumer LLC d/b/a NielsenIQ v. Circana Group L.P., f/k/a The NPD Group L.P.,
       No. 1:22-cv-3235-JPO-KHP—Joint Pre-Conference Agenda Letter

Dear Judge Parker:

Pursuant to Your Honor's instructions at the April 9, 2024 conference, Plaintiff Nielsen Consumer LLC ("NielsenIQ") and Defendant Circana Group, L.P. ("Circana") write to outline the agenda and discovery issues they wish to address at the April 29, 2024 conference.

## I.    Second Settlement Conference

The parties would like to finalize a date for a second settlement conference. As discussed in the parties' April 19, 2024 letter to the Court, the parties believe that another settlement conference with Your Honor would aid them in resolving the case. The parties have jointly proposed Monday, May 20, 2024, the earliest date that they have mutual availability, or, if Your Honor is unavailable then, May 21 or 22, 2024.

## II.    Stay of Discovery until the Settlement Conference

**NielsenIQ's Position:** NielsenIQ respectfully requests that discovery be stayed until the second settlement conference. The parties would be best served focusing on resolving the case rather than litigating expensive discovery disputes that use up both judicial and party resources. Given that discovery does not close until September 27, 2024, the stay may not necessitate any change in the current discovery schedule. In the event the parties are not able to resolve the case after the second settlement conference, the parties can discuss whether any changes to the discovery schedule are appropriate then. To be clear, NielsenIQ has no issue with resolving the ESI protocol before the second settlement conference. Indeed, NielsenIQ sent a revised draft of the ESI protocol to Defendant over a month and half ago and has yet to receive a response.

NielsenIQ requests a stay to the remainder of discovery due to the acrimonious discovery disputes that have occurred so far. Circana has engaged in very aggressive discovery tactics in this litigation, including propounding 156 Requests for Production and sending fourteen-page letters while demanding expedited responses. If discovery is not stayed, Circana is likely to continue these sharp discovery practices. Indeed, even after the first settlement conference in which Your Honor instructed the parties to focus on settling, NielsenIQ received an aggressive "deficiency" letter from Circana two business days later. While the parties' Chief Legal Officers have made

Hon. Katharine H. Parker
April 24, 2024
Page 2

enough progress that they are asking for a second settlement conference, this kind of discovery practice is likely to undermine the proper tenor for settlement and will result in unnecessary legal fees.

**Circana's Position:**  Circana agrees that the parties should not brief any discovery disputes with the Court until after the second settlement conference.  But it opposes a stay of discovery. NielsenIQ requested a discovery stay during the parties' April 9 conference and the Court did not order one.  It should not do so now.  While Circana hopes that another settlement conference with the Court will rebuild the momentum from the last session, the reality is that new communications from NielsenIQ, delivered after the parties jointly requested the second settlement conference, indicate that the parties are very far apart.  While negotiations can and should continue, there is no reason to halt all discovery.

As the parties prioritized settlement discussions, there has been no further production of documents for over six weeks.  Nor have the parties resolved the ESI issues that are precursors to completing document discovery and beginning depositions.  A stay would further delay resolution of these issues including an ESI protocol, document custodians, and agreed search terms.  Even if the parties reach agreement on an ESI protocol before the second settlement conference, the proposed stay will only cause further delay.  Given that the proposed dates for the second settlement conference are nearly a month away, the parties should be able to make progress on discovery while also focusing on resolving the case.  The parties' commitment to not brief discovery disputes with the Court will allow them to focus on meaningful *progress* rather than accusations of "sharp practices" or raising these arguments with the Court (and ignoring, for example, that NielsenIQ also served 100 RFPs and has lodged its own lengthy dispute letters concerning Circana's responses).  In all events, if the parties are unable to reach a settlement, Circana expects that the lack of progress in discovery thus far will require that the current discovery schedule will most likely need to be extended for two to four months.

## III.    Additional Discovery Issues

**Circana's Position:**  Circana respects the Court's directive at the April 9 conference that the parties submit an agenda of just the issues for discussion at the April 29 conference (and that the parties should *not* submit arguments with the proposed agenda).  Rather than brief these issues in detail in violation of the Court's directive, as NielsenIQ does in its statement below, Circana identifies that it may need the Court's guidance concerning two additional discovery issues.

1.  In advance of the first settlement conference, Circana sought documents and information concerning NielsenIQ's use of Prestige Beauty data.  The Court ordered NielsenIQ to candidly confer with Circana as to what information concerning Prestige Beauty data and associated revenue information is available in order to aid settlement discussions prior to the first settlement conference.  NielsenIQ, however, produced only a limited and crabbed subset of revenue information.  Circana therefore intends to seek additional documents and information concerning

Hon. Katharine H. Parker
April 24, 2024
Page 3


NielsenIQ's use of Prestige Beauty data necessary for both settlement discussions as well as litigation.

2. If the parties do not resolve the issues in the next four days, they may need the Court's guidance on the number of custodians and search term parameters for ESI discovery, which Circana believes should be reciprocal and reasonable. NielsenIQ has not yet agreed to reciprocity, but discussions are continuing.

As for the other arguments raised by NielsenIQ below, Circana fully complied with the Court's order prior to the first settlement conference concerning the date when the merchant "mapping" (or matching) file was created[1] and has agreed to supplement its interrogatory responses, as NielsenIQ concedes.

**NielsenIQ's Position:** Circana's claim that NielsenIQ produced only "a limited and crabbed subset of revenue information" on its beauty products is incorrect.[2] The Court ordered NielsenIQ to provide (1) a list of NielsenIQ's individual beauty reports; (2) the 2022-2023 sales volume and revenue earned from sale of the individual beauty reports; and (3) clarification concerning the overlap between Omnishopper customers and beauty report customers. *See* ECF 318 at 23-25. NielsenIQ produced this information and more. At Circana's request, NielsenIQ also produced 2022 and 2023 Omnishopper revenue from NielsenIQ's clients who are predominantly beauty manufacturers. Circana's request for more information is belied by the fact that the revenue NielsenIQ produced is already over-inclusive. This is because the revenue is from products that include data from hundreds, if not thousands, of beauty brands that NielsenIQ unquestionably has exclusivity over. In addition, many of the products include beauty data from other sources besides ReceiptPal. NielsenIQ does not know what "additional documents" on beauty Circana is seeking. Circana should provide such clarification and explain how its request is different from the "grossly overbroad" requests that the Court already rejected. *See* ECF 318 at 21:12-15.

Circana's request for additional beauty documents is particularly galling given that Circana is the one who failed to produce the documents ordered by the Court. The Court ordered Circana to produce documents sufficient to show the date that Circana *first* created the mapping files that it originally refused to provide after the OCR technology replacement. *See* ECF 318 at 30:12-31:10. Circana revealed only the creation date of the specific file (September 2023) that it sent to NielsenIQ, rather than the date it created any mapping file related to the OCR replacement. When NielsenIQ sought to confirm that no mapping files were in Circana's possession prior to September 2023, Circana declined to answer. To the extent the Court does not stay discovery, NielsenIQ

---

[1] Prior to the first settlement conference, Circana provided NielsenIQ with the date that the merchant "mapping" (or matching) file was created and also explained to NielsenIQ that it had access to the type of information in the merchant matching file from March 2020 onward.

[2] It should also not be lost on the Court that while Circana claims that the parties "should not brief any discovery disputes," it is nevertheless, in practice, briefing discovery disputes in this very letter. This is precisely why NielsenIQ is requesting a stay on discovery.

Hon. Katharine H. Parker
April 24, 2024
Page 4

requests that Circana be ordered to prove the definite date that it first created any mapping files related to the OCR technology replacement. Additionally, Circana should be ordered to immediately supplement its four deficient interrogatory responses. Although Circana agreed to supplement its deficient responses nearly one month ago, Circana has yet to provide the supplemental response.

With regard to the ESI protocol, NielsenIQ does not know what "issues" Circana is referring to, as Circana never responded to NielsenIQ's draft of the ESI protocol, sent over a month and half ago. Circana should be ordered to properly meet and confer with NielsenIQ prior to raising such issues with the Court.

The parties thank the Court for its attention to this matter and look forward to discussing these issues with Your Honor at the conference on April 29, 2024.

Respectfully submitted,

*/s/ Joshua Berman*
Joshua Berman
Paul Hastings LLP
200 Park Avenue
New York, NY 10166
Telephone: 1 (212) 318-6000

*Counsel for Plaintiff-Counterclaim Defendant Nielsen Consumer LLC*

*/s/ Laurence Pulgram*
Laurence Pulgram
Fenwick & West LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone: (415) 875-2390

*Counsel for Defendant-Counterclaimant Circana Group L.P.*