```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/20/2024
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NIELSON CONSUMER LLC,

                            Plaintiffs,

      -against-

CIRCANA GROUP, L.P.,

                           Defendant.

**ORDER ON MOTIONS TO SEAL**

22-CV-3235 (JPO)(KHP)

**KATHARINE H. PARKER, United States Magistrate Judge:**

      This action concerns claims against Circana Group, L.P.'s ("Circana" or "Defendant") brought by Nielsen Consumer LLC d/b/a NielsenIQ ("NielsenIQ" or "Plaintiff") for breach of contract, misuse and misappropriation of confidential and proprietary information and trade secrets, breach of good faith and fair dealing, and unfair competition.

      The parties have moved to seal a wide array of documents including, the Third Amended Complaint ("TAC"), Defendant's Amended Answer and Counterclaims ("Counterclaims"), portions of the transcript of the April 29, 2024 case management conference, a joint letter providing an update on discovery, and two sets of letters submitted to the court in connection with discovery disputes. ECF Nos. 302, 320, 328, 333, 350, 353, 359.

      For the reasons stated below, the motions to seal the TAC and the Counterclaims are GRANTED, the motion to seal portions of the transcript are GRANTED, and the motions to seal the discovery letters are GRANTED in part and DENIED in part as discussed in detail below.

**LEGAL FRAMEWORK**

The common law and the First Amendment accord a presumption of public access to judicial documents. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006). The public's presumptive right of access to judicial documents is "potent and fundamental," *Mirlis v. Greer*, 952 F.3d 51, 58 (2d Cir. 2020) (citation omitted), and is "integral to our system of government," *United States v. Erie Cty., N.Y.*, 763 F.3d 235, 238-39 (2d Cir. 2014).

In considering a motion to seal, the court undertakes a three-part analysis. First, the court must determine whether the document is in fact a judicial document. A judicial document is "a filed item that is 'relevant to the performance of the judicial function and useful in the judicial process.'" *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 139 (2d Cir. 2016) (*quoting Lugosch*, 435 F.3d at 119). "Documents that are never filed with the court, but simply 'passed between the parties in discovery,'" are not judicial documents and lie "beyond the presumption's reach." *Brown v. Maxwell*, 929 F.3d 41, 49-50 (2d Cir. 2019). When a document becomes a "judicial document," the presumption of public access attaches.

Second, once the Court finds that the document is a "judicial document," the court must determine the weight of the presumption that attaches. The weight given the presumption of access is "governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *Id.* at 49. "The strongest presumption attaches where the documents 'determin[e] litigants' substantive rights,' and [the presumption] is weaker where the 'documents play only a negligible role in the performance of Article III duties.'" *Olson v. Major League Baseball*, 29 F.4th 59, 89-90 (2d Cir. 2022) (citations omitted). "Thus, a strong presumption attaches to

materials filed in connection with dispositive motions, such as a motion to dismiss or a summary judgment motion." *Id.*  The weight accorded to the presumptive right to public access is lower if the document is submitted in connection with a discovery dispute or other non-dispositive motion.  *Brown*, 929 F.3d at 49-50.

The fact that the information was designated by the parties in discovery as confidential under a protective order or was produced pursuant to a protective order has no bearing on the weight accorded to the presumption of public access and is not sufficient to overcome the presumption of public access.  *Dodona I, LLC v. Goldman, Sachs & Co.*, 119 F. Supp. 3d 152, 155 (S.D.N.Y. 2015); *see also Rojas v. Triborough Bridge & Tunnel Auth.*, 2022 WL 773309, at *2 (S.D.N.Y. Mar. 14, 2022) ("[T]he showing required in connection with a sealing motion is significantly higher than the burden for obtaining a protective order in civil discovery.")

Third, once the Court has determined the weight to accord the presumption of public access, it must determine whether competing considerations outweigh the presumption. *Lugosch*, 435 F.3d at 120.  Regardless of the weight that must be accorded to the presumption, the court must make "specific, on the record findings" that sealing is necessary "to preserve higher values," and "is narrowly tailored to serve that interest."  *Id*.  The court may deny public disclosure of the record only "if the factors counseling against public access outweigh the presumption of access afforded to that record."  *Olson*, 29 F.4th at 88.

"Higher values" the preservation of which might warrant sealing include personal privacy interests, public safety, the preservation of attorney-client privilege, and the protection of competitively sensitive business information.  *Bernsten v. O'Reilly*, 307 F. Supp. 3d 161, 168 (S.D.N.Y. 2018); *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511

(S.D.N.Y. 2015).  A sealing request is "narrowly tailored" when it seeks to seal *only* that information that must be sealed to preserve higher values.  *Susquehanna Int'l Grp. Ltd. v. Hibernia Express (Ir.) Ltd.*, 2021 WL 3540221, at *4 (S.D.N.Y. Aug. 11, 2021).

## DISCUSSION

1. <u>Motion to Seal the Third Amended Complaint</u>

The first motion at issue is NielsenIQ's motion to seal the TAC.  ECF No. 302.  The undersigned issued an order after this motion was filed, granting an earlier version of the same request to seal the unredacted TAC.  ECF No. 307.  The instant motion at ECF No. 302 is nearly identical to the initial motion to seal the TAC that the undersigned granted at ECF No. 283, which was later rejected as premature since Plaintiff had not yet sought leave to amend.  Plaintiff has since sought and was granted leave.  Therefore, for the reasons contained in the order at ECF No. 307, the renewed request to seal the TAC at ECF No. 302 is GRANTED in its entirety.

2. <u>Motion to Seal the Counterclaims</u>

The second motion at issue is Circana's request to seal its amended answer and counterclaims.  ECF No. 320.  These documents are "judicial documents" to which the presumption of public access attaches.  *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 140 (2d Cir. 2016) ("pleadings. . . are Judicial records subject to a presumption of public access.")  Further, there is a strong presumption of public access to an answer and counterclaims which are "central to the determination of… substantive rights."  *Szechenyi v. Epic Pharma, LLC*, 2022 WL 16964996, at *1 (E.D.N.Y. Nov. 15, 2022) Having established that the documents in question are judicial documents to which a strong presumption of public

access attaches, the Court now turns to considering whether there are countervailing "higher values" that outweigh the presumption.

The information that the parties seek to seal pertains to (1) confidential business dealings between Circana and Nielsen IQ and (2) redactions that mirror NielsenIQ's sealing of the TAC. The parties argue that this information is commercially sensitive and includes confidential banking information that was produced subject to protective orders.

"Notwithstanding the presumption of public access to judicial records, courts may deny access to records that are 'sources of business information that might harm a litigant's competitive standing.'" *In re Parmalat Sec. Litig.*, 258 F.R.D. 236, 244 (S.D.N.Y. 2009) (internal citations omitted). Such business information need not be a "true" trade secret in order to warrant protection from disclosure, but Courts apply trade secret law to determine if the relevant information is sensitive enough to warrant sealing. *Id.* For example, in order to warrant protection from disclosure, the information must "be secret" and not be "of general knowledge in an industry." *See Uni-Sys., LLC v. United States Tennis Ass'n, Inc.*, 2019 WL 3753780, at *4 (E.D.N.Y. Aug. 8, 2019)(quoting *Kewanee Oil Co. v. Bicron Corp.*, 416 U.S. 470, 475, 94 S. Ct. 1879, 40 L. Ed. 2d 315 (1974)).

Here, the Court concludes that Circana has met its burden of demonstrating higher values that overcome the presumption of access and justify sealing with the proposed narrowly tailored redactions. Courts in this District have allowed sealing of the underlying agreements between parties where, as here, those agreements cover exchange and use of trade secret information. *See W.J. Deutsch & Sons Ltd. v. Diego Zamora, S.A.*, 2022 WL 890184, at *3 (S.D.N.Y. Mar. 25, 2022). Finally, the Court concludes that the scope of the proposed redactions

is reasonable and narrowly tailored to cover only the commercially sensitive information that could lead to competitive disadvantage if disclosed.

Therefore, Circana's motion to seal its amended answer and counterclaims at ECF No. 320 is GRANTED.

3.  NielsenIQ's To Seal the Transcript of the April 29, 2024 Conference

The third motion at issue is NieslsenIQ's motion to seal portions of the transcript of the April 29, 2024 case management conference. ECF No. 328. Concurrent with its sealing request, NielsenIQ emailed its proposed redactions of the transcript to Chambers. In its request, Nielsen seeks to react references to specific revenue figures and non-party clients. During the status conference at issue, the Court addressed both settlement negotiations and discovery issues.

NielsenIQ does not address whether the transcript is a "judicial document" in its request to seal, though Courts in this district generally consider transcripts of proceedings as "relevant to the judicial function." *See e.g., Brinks Glob. Servs. USA, Inc. v. Bonita Pearl, Inc.*, 2023 WL 4399042, at *2 (S.D.N.Y. July 6, 2023). However, when the document refers to discovery disputes, as here, the presumption of access "has only modest weight," which can be overcome by "a valid need to protect the confidentiality of sensitive business information." *Id.* (*citing Valassis Comms., Inc. v. News Corp.*, 2020 WL 2190708, at *3 (S.D.N.Y. May 5, 2020)).

Here, Nielsen has proposed extremely limited redactions to the transcript in order to protect the identity of a non-party client, and to maintain the confidentiality of a single revenue figure. The undersigned concludes the need to maintain the confidentiality of this sensitive business information, coupled with the very tailored redactions, is enough to overcome the

modest presumption of public access to permit the parties to maintain the transcript under seal.

Therefore, NielsenIQ's motion at ECF No. 328 is GRANTED.  The Clerk of the Court is directed to maintain the document at ECF No 326 under seal.  By **Monday, September 2, 2024**, NielsenIQ shall file a redacted version of the transcript, consistent with its *ex parte* submission to chambers, on the public docket.

4. <u>Circana's Motion to Seal the Parties' Joint Status Letter</u>

The next motion before the Court is Circana's motion to seal the parties' joint status letter filed on May 30, 2024, along with some of its attached exhibits.  ECF No. 333.  The parties claim that the documents contain nonpublic terms of the parties' confidential license agreement, and other commercially sensitive information.  The joint letter, and its exhibits, concern pre-settlement conference discovery, a proposed ESI protocol, and disputes over custodians for more traditional discovery.  The exhibits contain Circana's responses to NielsenIQ's first set of interrogatories, and four documents exchanged between the parties in discovery.

Although the documents were, in part, submitted in support of settlement negotiations (which is outside the Court's traditional Article III powers), they nevertheless ask the Court to exercise those Article III powers to compel the opposing party to provide additional discovery.  Therefore, the documents are "judicial documents" but are subject to the "somewhat lower" presumption of public access that is applied to filings submitted in connection with a dispositive motion.  *See Brown v. Maxwell,* 929 F.3d 41, 50 (2d Cir. 2019).  Next, the Court must evaluate whether "higher values" overcome the "lower" presumption of public access for each document.

The parties have proposed narrowly tailored redactions for the joint letter itself. The only materials the redactions seek to keep under seal include trade secrets, the identity of non-party clients, and other commercially sensitive details about the two parties' course of dealing. Therefore, this document may remain under seal without any need to change the redactions in the publicly-filed version. The redactions to Circana's responses to NielsenIQ's interrogatories similarly seek to keep trade secrets, non-party client identities, and specific commercially sensitive metrics of each companies' performance confidential. Therefore, this document may also remain under seal. *See* ECF No. 334-1. Exhibits 2, 3, and 4 to the joint letter are email threads and an attachment that was submitted by Circana in discovery. ECF No. 334-2. The parties seek to keep the entire email under seal, and upon review of the thread, it clear they contain discussions of commercially sensitive meetings between key parties in the litigation, and the attachment contains specific revenue and reach figures. Therefore, these documents may remain under seal in their entirety. ECF Nos. 334-3, 334-4. Exhibit 5 is an email exchange between the parties' counsel and does not contain any obvious confidential or sensitive information. ECF No. 334-5. Therefore, this document does not present any "higher values" that justify it remaining under seal.

The parties' request to seal the joint letter and all exhibits is GRANTED in part and DENIED in part. Specifically, ECF No. 334 and all of its attachments except for ECF No. 334-5 may remain under seal. By **Monday, September 2, 2024,** the parties shall submit proposed redactions for ECF No. 334-5 to the extent they wish to protect any personal identifying information ("PII"). If no revised submission is received, the document will be unsealed in its entirety.

5. <u>Parties' Requests for a Pre-Motion Conference</u>

Finally, the parties submit cross-requests for a Local Rule 37.2 Conference, along with cross-responses to each other's motion. ECF Nos. 350, 353, 356, 359. All of the letters concern discovery disputes and ask for the Court's intervention. Therefore, for the reasons stated above, all of these documents are "judicial documents" to which a "somewhat lower" presumption of public access applies. Therefore, I next turn to whether each set of documents document has narrowly tailored redactions to preserve "higher values" which overcome that presumption.

   a. Circana's Request for a Conference   (ECF Nos. 350 and 351)

Circana's initial request for a conference contains narrowly-tailored redactions (less than three lines of the three-page letter) intended to preserve the confidentiality of commercially sensitive information, a valid "higher value" which overcomes the somewhat lower presumption of public access. See ECF No 351. Exhibits 1-4 attached to the letter are sealed in their entirety, and contain email correspondence between the parties' executives which discuss future projects and other commercially sensitive information. Exhibit 3 was previously submitted with the aforementioned joint letter, which the undersigned has already determined may remain under seal in its entirety. Given the highly sensitive nature of the emails' contents, coupled with the lower presumption of public access that attaches to documents exchanged in discovery and/or submitted to the Court in connection with a discovery dispute, I conclude that these documents may remain under seal in their entirety. Exhibits 5 and 6 contain emails between parties' counsel regarding custodian requests and proposed search terms. While the proposed search terms necessarily reference non-party clients and potential trade secret

information, the parties also seek to redact the names of the disputed custodians – who are now a matter of public record. *See* ECF No. 363. Therefore, Circana must revise its redactions of Exhibits 5 and 6 to remove redactions of the names of persons the Court has publicly ordered serve as document custodians, while maintaining the redactions over the sensitive search terms.

Therefore Circana's request to seal its initial letter seeking a Local Rule 37.2 conference is GRANTED in part and DENIED in part. The documents at ECF Nos. 351, 351-1, 351-2, 351-3, and 351-4 may remain under seal. The Clerk of the Court shall not unseal any documents at this time. By **Monday, September 2, 2024**, Circana shall submit revised versions of ECF Nos. 351-5 and 351-6 with narrowly tailored revisions consistent with this opinion. If no revision is received by that date, the Court will order the Clerk unseal the documents in their entirety.

b. NielsenIQ's Request for a Conference (ECF Nos. 353, 355)

Nielsen's request for a conference contains a letter request with redactions that roughly mirror Circana's redactions in its letter request. These redactions are narrowly tailored to keep the same commercially sensitive and potential trade secret information confidential. The first attachment is a memo Plaintiff's counsel shared with Defendants to memorialize an understanding reached at a meet and confer between the parties on March 8, 2024. Again, it contains narrowly tailored redactions intended to protect trade secrets. The second attachment is the transcript of the April 28, 2024, conference with redactions that mirror those approved by the court above. Therefore NielsenIQ's request to seal at ECF No. 353 is GRANTED in its entirety. The documents at ECF No 355 may remain under seal.

c. Nielsen's Response to Circana's Request (ECF Nos. 356, 357)

NielsenIQ's response to Circana's request contains narrowly tailored redactions that seek to maintain the confidentiality of certain potential trade secret information, as well as the contents of documents exchanged between the parties in discovery. Exhibit 1 to the letter, which NielsenIQ wants to seal in its entirety, is an email that contains detailed and particularly sensitive commercial information including breakdowns of revenue by client and changes over time. Exhibit 2 contains an email thread between employees of the parties discussing a non-public details about confidential meetings and potential deals which are commercially sensitive. Exhibits 3 and 4 contain details of meetings between the parties that centered on potential trade secrets exchanged between the parties, and which remain among the central issues in this litigation. Therefore, I conclude that these documents may remain under seal, and GRANT NielsenIQ's request to seal at ECF No 356 in its entirety.

    d. Circana's Response to NielsenIQ's Request  (ECF Nos. 359, 360)

The final request before the Court is Circana's motion to seal its response to NielsenIQ's request for a conference. As with the other submissions, Circana's letter contains narrowly tailored redactions (roughly four lines of a three page letter) which are targeted as maintain the confidentiality of commercially sensitive financial information, and terms of the confidential agreement between the parties. The Court concludes that these redactions and the commercially sensitive nature of the underlying information are sufficient to overcome the more modest presumption of access. The first attachment is another copy of Circana's responses and objections to NielsenIQ's interrogatories, which the undersigned has already noted may remain under seal with the proposed redactions targeted to maintain the confidentiality of commercially sensitive information. The second attachment is yet again the

transcript of the April 28, 2024 conference which has very limited redactions to maintain the confidentiality of specific revenue figures and a single non-party client. The final attachment is NielsenIQ's second set of interrogatories posed to Circana.  The proposed redactions cover only a portion of two interrogatories that specifically reference trade secret and other confidential/proprietary information, which are both higher values that can overcome the modest presumption of public access.  Accordingly, Circana's motion to seal at ECF No. 359 is GRANTED in its entirety.

6. The Parties' Use of Sealed Documents Generally

The Court notes that the parties have engaged in overlapping and duplicative motion practice,  particularly with regard to the cross-requests and responses for a Rule 37.2 conference.  Further, as noted above, several of the submissions contain documents that were already submitted to the Court.  In the future, the parties should endeavor to meet and confer to consolidate their requests into joint requests without the need for cross-responses.  To the extent the parties wish to rely on materials already submitted to the Court in support of another motion, they are encouraged to cite to those materials as they already appear on the docket, rather than re-submit them as new attachments which require a renewed inquiry into the propriety of their sealing.  Finally, the parties are encouraged to consider whether the submission of confidential materials are in fact necessary to support their underlying requests, as unnecessarily submitting documents containing confidential information leads to unnecessary and time consuming motion practice regarding sealing.

**CONCLUSION**

For the reasons stated above, NielsenIQ's motion to seal the third amended complaint is GRANTED in its entirety. ECF No. 302. Circana's request to seal its amended answer and counterclaims is GRANTED in its entirety. ECF No 320. NielsenIQ's motion to seal the transcript of the April 29, 2024 conference is GRANTED in its entirety. ECF No. 328. Circana's motion to seal the parties' joint status letter dated May 30, 2024, is GRANTED in part and DENIED in part. ECF No. 333. Specifically, ECF No. 334 and all attachments except for ECF No. 334-5 may remain under seal. By Monday, September 2, 2024, Circana will submit revised proposed redactions for ECF No. 334-5. Circana's request to seal its request for a Local Rule 37.2 conference is GRANTED in part and DENIED in part. ECF No. 350. Specifically, ECF No. 351 and all attachments *except* for 351-5 and 351-6 may remain under seal. By Monday, September 2, 2024, Circana shall submit revised proposed redactions for ECF Nos. 351-5 and 315-6. NiselsenIQ's motions to seal its request for a conference, and its response to Circana's request, are GRANTED in its entirety. ECF Nos. 353 and 356. Finally, Circana's motion to seal its response to NielsenIQ's request is GRANTED in its entirety. ECF No. 359.

**The Clerk of the Court is respectfully directed to terminate the motions at ECF Nos. 302, 320, 328, 333, 350, 353, 356, and 359.  No documents are to be unsealed at this time.**

SO ORDERED.

Dated: August 20, 2024
      New York, New York

*Katharine H. Parker*

_____
KATHARINE H. PARKER
United States Magistrate Judge