UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NIELSEN CONSUMER LLC,
                    Plaintiff,

-v-

CIRCANA GROUP, L.P.,
                    Defendant.

22-CV-3235 (JPO)
**REDACTED**
OPINION AND ORDER

J. PAUL OETKEN, District Judge:

Before the Court is Counterclaim Defendant NielsenIQ's motion to dismiss the second of Counterclaimant Circana's amended counterclaims for breach of a contract to pay license fees. For the reasons that follow, the motion to dismiss is granted.

I.     **Background**

The Court assumes familiarity with the facts underlying this dispute and includes the following, taken from Circana's amended answer and presumed true at this stage, for the purpose of resolving the present motion to dismiss. *Fink v. Time Warner Cable*, 714 F.3d 739, 740-41 (2d Cir. 2013).

Circana developed and owns ReceiptPal, a "consumer panel and application" that tracks a variety of consumer data that is valuable to merchants in conducting market strategy. (ECF No. 226 ("Answer") ¶¶ 1, 13-17.) In January 2018, Circana and NielsenIQ's predecessor company executed a contract granting the predecessor company "access . . . and license" to certain data that Circana extracted from ReceiptPal. (*Id.* ¶ 19.) That contract, the "Data and Intellectual Property License Agreement" (the "Agreement"), is the subject of Circana's counterclaims against NielsenIQ. (*Id.*) But the second counterclaim, which NielsenIQ seeks to dismiss,

1

concerns primarily an amendment ("Amendment No. 1") to the Agreement executed in December 2018. (*Id.* ¶ 35.)

Amendment No. 1 includes a clause, ███████████████████ ███████████████████ ███████████ Section 4(e) reads in relevant part:



(ECF No. 221 at 7.) Circana filed a counterclaim against NielsenIQ alleging that NielsenIQ underpaid the ███████████ in 2022 and ███████, according to Circana's interpretation of Amendment No. 1 Section 4(e). (Answer ¶¶ 115-16.)

II.     **Legal Standard**

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). That standard applies equally to counterclaims. *GEOMC Co. Ltd., v. Calmare Therapeutics Inc.*, 918 F.3d 92, 99 (2d Cir. 2019). The counterclaim need not contain "detailed factual allegations," but it must offer something "more than an unadorned, the-[counterclaim defendant]-unlawfully-harmed-me accusation." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). A counterclaimant must plead "factual content that allows the court to draw the reasonable inference that the [counterclaim defendant] is liable for the misconduct alleged." *See id.* (citing *Twombly*, 550 U.S. at 555). In resolving a motion to dismiss, the Court must accept as true all well-pleaded factual allegations, "drawing all reasonable inferences in favor of" the counterclaimant. *See Koch v. Christie's Int'l PLC*, 699 F.3d 141, 145 (2d Cir. 2012).

**III.   Discussion**

The only issue raised by NielsenIQ's motion to dismiss is whether Section 4(e) of Amendment No. 1 requires NielsenIQ—███████████████████████████████████████████████████████████████████████████████████████████████. Circana contends that the contract is "admittedly ambiguous," but that that is sufficient to proceed past a motion to dismiss the counterclaim. (ECF No. 230 ("Mem. Opp.") at 6.)  NielsenIQ contends, instead, that the contract unambiguously ████████████████████████████████████████████████████████████.

"At the motion to dismiss stage, a district court may dismiss a breach of contract claim only if the terms of the contract are unambiguous." *Orchard Hill Master Fund Ltd. v. SBA Commc'ns. Corp.*, 830 F.3d 152, 156 (2d Cir. 2016) (citing *Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co. of N.Y.*, 375 F.3d 168, 178 (2d Cir. 2004).  Where the case turns on an ambiguity, dismissal at this stage is improper, since the "court has insufficient data to dismiss a complaint for failure to state a claim." *Eternity Global*, 375 F.3d at 178.  "Whether or not a writing is ambiguous is a question of law to be resolved by the courts." *Orlander v. Staples, Inc.*, 802 F.3d 289, 294 (2d Cir. 2015) (quoting *W.W.W. Assocs., Inc. v. Giancotieri*, 565 N.Y.S.2d 440, 566 (1990)).

"A contract term is unambiguous if it has 'a definite and precise meaning, unattended by danger of misconception in the purport of the contract itself, and concerning which there is no reasonable basis for a difference of opinion.'" *Id.* at 294-95 (quoting *Olin Corp. v. Am. Home Assur. Co.*, 704 F.3d 89, 99 (2d Cir. 2012)).  The court is to "analyze the ambiguity of a provision under the normal rules of contract interpretation: words and phrases should be given their plain meaning and a contract should be construed so as to give full meaning and effect to all of its provisions." *Orchard Hill*, 830 F.3d at 157 (quoting *Orlander*, 802 F.3d at 295) (internal

3



quotation marks omitted). At bottom, "[a]n ambiguous term is one about which reasonable minds could differ." *Consarc Corp. v. Marine Midland Bank, N.A.*, 996 F.2d 568, 573 (2d Cir. 1993).

NielsenIQ emphasizes the first part of Section 4(e), [REDACTED]. Circana emphasizes the next part: [REDACTED]. Circana argues that the word [REDACTED] implies, in part based on the parties' negotiation history, that once [REDACTED].

NielsenIQ's interpretation is unambiguously correct. No one disputes that [REDACTED]. What the parties dispute is the meaning of [REDACTED]. NielsenIQ's reading is proper because [REDACTED] is modified by [REDACTED]. In other words, [REDACTED]. Circana's interpretation, that [REDACTED], would deprive the term [REDACTED] of any independent meaning, because it would always refer to [REDACTED]. "Under New York law . . . the use of different terms in the same agreement implies that they are to be afforded different meanings." *Contant v. AMA Cap., LLC*, 66 F.4th 59, 67 (2d Cir. 2023) (cleaned up). "To adopt [Circana's] interpretation would instead require" the Court to "run afoul of traditional contract principles, and strip the distinct words in the [contract] of their independent meanings." *See id.* at 67-68 (cleaned up).

That the contract later mentions a ▮▮▮▮▮▮ does not change the result, because though the meaning of ▮▮▮▮▮ in a vacuum may be ambiguous, the Court must give meaning to the unambiguous portion of the contract. Here, that means defining ▮▮▮▮ to mean ▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Nothing suggests the term ▮▮▮▮▮▮ is somehow incompatible with Nielsen's reading, including Circana's proffered definitions of ▮▮▮▮ (*See* Mem. Opp. at 9.) Read as a whole, NielsenIQ's reading comports with the plain meaning of the text: An ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Circana asks the Court to find the faintest hint of ambiguity in what is fundamentally clear language and to usher a batch of extrinsic evidence past the motion to dismiss as a result. But because Circana's second counterclaim depends upon an unreasonable interpretation of Section 4(e)'s text, it must be dismissed.

## IV. Conclusion

For the foregoing reasons, NielsenIQ's motion dismiss Circana's amended second counterclaim is GRANTED.

The parties are directed to confer and to submit any proposed redactions to this opinion, with a letter justifying those redactions, within 14 days.

The Clerk of Court is directed to strike ECF No. 369.

The Clerk of Court is directed to close the motions at ECF Nos. 180 and 220.

SO ORDERED.

Dated: August 27, 2024
      New York, New York

Redacted Opinion dated September 25, 2024

_____
J. PAUL OETKEN
United States District Judge

5