**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

NIELSEN CONSUMER LLC,

                          Plaintiff,

-against-

CIRCANA GROUP, L.P.,

                          Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/22/2025

**ORDER ON MOTIONS TO SEAL**

**22-CV-3235 (JPO)(KHP)**

**KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE**

      On January 16, 2025, Plaintiff filed a Letter Motion requesting permission to file under seal its Motion for Leave to File its Fourth Amended Complaint as well as its Proposed Fourth Amended Complaint and related Exhibits A-G to the Proposed Fourth Amended Complaint. (ECF No. 444)  Plaintiff notes that the redactions are for "commercially sensitive business information pertaining to the parties' relationship and business and sales information that, if disclosed, would cause competitive harm to NielsenIQ," "confidential NielsenIQ trade secrets and information," and documents "required to [be] file[d] under seal as Circana has designated them as Confidential or Attorneys Eyes Only pursuant to the Protective Order." (*Id.*)  On that same date, Plaintiff also filed its proposed redactions.  (ECF Nos. 445 and 446)  On January 10, 2025, this Court granted Plaintiff's Motion for Leave to file a Fourth Amended Complaint.  (ECF No. 443)

      Relatedly, on January 16, 2025, Plaintiff filed a Letter Motion requesting permission to file under seal its Fourth Amended Complaint and related Exhibits A-G to the Fourth Amended Complaint for the same reasons discussed above. (ECF No. 447)  On that same date, Plaintiff also filed its proposed redactions.  (ECF Nos. 448 and 449)

The Court has reviewed Plaintiff's filings and finds that the redactions are narrowly tailored to protect commercially sensitive business information, trade secrets, and other confidential information and are consistent with the *Lugosch* standard.  See *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006) (finding that courts may grant motions to seal where the parties make "specific, on the record findings . . . demonstrating that closure is essential to preserve higher values and [sealing] is narrowly tailored to serve that interest."). Therefore, Plaintiff's Letter Motions to Seal are GRANTED.

Plaintiff is reminded that the documents and information placed under seal in connection with this request may not be similarly treated in connection with a dispositive motion.

**The Clerk of Court is respectfully directed to terminate the motions at ECF Nos. 444, 445, 446 and 447.  Further, the Clerk of Court is also respectfully directed to keep the documents at ECF Nos. 445 and 448 under seal.**

SO ORDERED.

Dated: January 22, 2025
New York, New York

_Katharine H. Parker_
KATHARINE H. PARKER
United States Magistrate Judge