**PAUL HASTINGS**

July 23, 2025

> The Court has reviewed the parties' filings and finds that the redactions are narrowly tailored to protect commercially sensitive and confidential business information and trade secrets and are consistent with with the *Lugosch* standard. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006). Therefore, the parties' Letter Motion to Seal is GRANTED.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/24/2025

APPLICATION GRANTED
/s/ Katharine H. Parker  7/24/2025
Hon. Katharine H. Parker, U.S.M.J.

Honorable Katharine H. Parker
U.S. District Court for the
Southern District of New York
Room 750
500 Pearl Street
New York, NY 10007

Re:   Nielsen Consumer LLC d/b/a NielsenIQ v. Circana Group L.P., f/k/a The NPD Group L.P.,
      No. 1:22-cv-3235-JPO-KHP—<u>Joint Letter Motion to Redact July 23, 2025 Joint Status
      Letter and Exhibits</u>

Dear Judge Parker:

<u>Pursuant to Your Honor's Individual Rule III(d), Plaintiff and Counterclaim-Defendant Nielsen Consumer LLC d/b/a NielsenIQ ("NielsenIQ") and Defendant and Counterclaimant Circana Group, L.P., ("Circana") write to respectfully request permission to redact portions of their July 23, 2025 Joint Status Update Letter ("Joint Letter"), and to attach the redacted Joint Letter as Exhibit A to the parties Joint Motion to Exceed Case Management Conference Letter Page Limit. The parties also request to file Exhibits B-C, H and 1 to the Joint Letter under seal and Exhibits A, E-G, I-J, and 2-7 in redacted form.</u>  Specifically, the parties are seeking to redact references to non-public and commercially sensitive business information and trade secrets at issue in this litigation.

## <u>Legal Standard</u>

In considering requests to seal or redact documents, courts in the Second Circuit must balance "the weight of the presumption" of public access against any "countervailing factors," including "the degree to which the subject matter is traditionally considered private rather than public" and the "nature and degree of injury" that might result from disclosure. *United States v. Amodeo*, 71 F.3d 1044, 1050-51 (2d Cir. 1995); *see Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006).

Privacy interests and competitive commercial interests receive substantial weight as countervailing factors in this analysis as courts recognize the importance of protecting confidential and commercially sensitive information from disclosure. *Kewazinga Corp. v. Microsoft Corp.*, 1:18-4500-GHW, 2021 U.S. Dist. LEXIS 62974, at *9 (S.D.N.Y. Mar. 31, 2021) ("Courts commonly find that documents that contain trade secrets, confidential research and development information, marketing plans, revenue information, pricing information, and the like satisfy the sealing standard") (quotation omitted).  Courts also recognize the importance of protecting "business information that might harm a litigant's competitive standing." *Dodona I, LLC v. Goldman, Sachs & Co.*, 119 F. Supp. 3d 152, 154-55 (S.D.N.Y. 2015).

Accordingly, courts frequently permit the sealing of competitively sensitive information within judicial documents, which if filed publicly, would cause competitive harm. *See, e.g.*, *Standard Inv. Chartered, Inc. v. FINRA*, 347 Fed. App'x 615, 617 (2d Cir. 2009) (upholding district court's determination that defendant's interest in protecting its confidential business information outweighed the qualified presumption of public access); *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (allowing redaction of "business information and strategies, which, if revealed, 'may provide valuable insights into a company's current business practices'") (citation omitted); *Encyclopedia Brown Prods., Ltd. v. Home Box Office, Inc.*, 26 F. Supp. 2d 606, 614 (S.D.N.Y. 1998) (sealing decade-old confidential business information, including cost structures and marketing strategies, because it provided "valuable insights into a company's current business practices that a competitor would seek to exploit").

In addition, and specifically relevant here, "[d]ocuments . . . containing information revealing the terms of [confidential] contracts or the content of such confidential negotiations are among those th[e] Court routinely recognizes as justifying protection from the public view when used in litigation." *Capri Sun GmbH v. Am. Bev. Corp.*, 1:19-01422, 2021 WL 3036589, at *2 (S.D.N.Y. July 16, 2021) (collecting cases).

## Argument

The parties jointly seek to apply narrowly tailored redactions to their Joint Letter and accompanying exhibits because they contain, refer to, or describe details concerning the terms of the parties' Agreement, commercially sensitive information pertaining to the parties' business dealings, NielsenIQ's highly sensitive technical and trade secret information, and data reports designated as confidential under the parties' Agreement. Details concerning these categories of confidential information have been kept under seal (at the request of both parties) throughout this litigation, including in the recently filed Fifth Amended Complaint. *See* ECF No. 572. Additionally, NielsenIQ's Exhibits B-C, and G-I, and Circana's Exhibits 1-4 consist of interrogatory responses or deposition excerpts that have been designated confidential or highly confidential pursuant to the Protective Order in this case. *See* ECF No. 199. Other Exhibits such as NielsenIQ's Exhibits A, E-F, and J and Circana's Exhibits 5-8 contain correspondence between the parties that includes commercially sensitive business information pertaining to the parties' business dealings. Each party takes no position as to whether the other party may properly seal and/or redact its designated documents.

The parties have a significant interest in maintaining the confidentiality of this highly sensitive commercial information that, if disclosed, would cause competitive harm to both parties. *See Stegmann on Behalf of Covetrus, Inc.*, 21-1717-GRB, 2021 WL 1838219, at *2 (E.D.N.Y. May 7, 2021); *Avocent Redmond Corp. v. Raritan Americas, Inc.*, No. 10 Civ. 6100(PKC), 2012 WL 3114855, at *16 (S.D.N.Y. July 31, 2012); *Kewazinga Corp.*, 2021 U.S. Dist. LEXIS 62974 at *9. Circana has acknowledged that "[Circana's predecessor] NPD and NielsenIQ . . . share mutual 'confidentiality obligations,' and that their Agreement and their confidential business communications are 'commercially sensitive' to both parties." *See* ECF No. 31, at 3.

In addition, even mere publication of certain details concerning this dispute could severely injure the parties' business relationships and reputation. Indeed, both parties to this action have expressed concern about the disclosure of certain information to third parties. *See, e.g.*, ECF No. 93 ¶ 8. To preserve both NielsenIQ's and Circana's confidentiality interests, the parties' jointly and respectfully seek to file the aforementioned documents under seal and in redacted form.

To balance the presumption of public access with the parties' countervailing considerations, parties have proposed redactions "narrowly tailored to protect commercially sensitive and confidential information." *See, e.g.*, *Regeneron Pharms., Inc. v. Novartis Pharma AG*, 1:20- 05502, 2021 WL 243943, at *2 (S.D.N.Y. Jan. 25, 2021).

We thank the Court for its consideration of this request.

Respectfully submitted,

| | |
|---|---|
| **PAUL HASTINGS LLP** | **HUNTON ANDREWS KURTH LLP** |
| By: *Joshua Berman* <br> Joshua A. Berman <br> Laura Logsdon <br> 200 Park Avenue <br> New York, NY 10166 <br> Telephone: (212) 318-6000 <br> Email: joshuaberman@paulhastings.com <br> lauralogsdon@paulhastings.com <br><br> *Attorneys for Plaintiff-Counterclaim Defendant Nielsen Consumer LLC d/b/a NielsenIQ* | By: *Neil Gilman* <br> Neil Gilman (admitted *pro hac vice*) <br> 2200 Pennsylvania Avenue, NW <br> Washington, DC 20037 <br> Telephone: (202) 955-1500 <br> Email: ngilman@hunton.com <br><br> Susan L. Shin (N.Y. Bar No. 4067864) <br> 200 Park Avenue, 52nd Floor <br> New York, New York 10166 <br> Telephone: (212) 309-1000 <br> Email: sshin@hunton.com <br><br> Daniel R. Stefany <br> (admitted *pro hac vice*) <br> 60 State Street Boston, MA 20037 <br> Telephone: (617) 648-2800 <br> Email: dstefany@hunton.com <br><br> FENWICK & WEST LLP <br><br> Laura T. Moran <br> (NY Bar No. 4909446) <br> Charles E. Moulins <br> (NY Bar No. 5304688) |

Hon. Katherine H. Parker
July 23, 2025
Page 4

902 Broadway, Suite 14
New York, NY 10010
Telephone: (415) 875-2300
Email:   Laura.Moran@fenwick.com
            CMoulins@fenwick.com

*Attorneys for Defendant-Counterclaimant Circana Group L.P., f/k/a the NPD Group, L.P.*