```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/4/2025
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NIELSEN CONSUMER LLC,

                Plaintiff,

-against-

CIRCANA GROUP, L.P.,

                Defendant.

POST-CONFERENCE ORDER

22-CV-3235 (JPO) (KHP)

**KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE**

On July 30, 2025, the parties appeared before the undersigned for a case management conference. For the reasons set forth in more detail on the record, the Court made the following findings regarding various discovery disputes as set forth in ECF No. 580:

<u>Nielsen Issue 1</u>: Circana may share Nielsen's response to Circana's Interrogatory No. 1 and related materials with the list of people provided by Circana to Nielsen in connection with preparing its witness to be deposed by Nielsen and to prepare its defense. The individuals provided with said information shall be informed that they may not disclose the contents of the materials outside of the limited purpose allowed by the Court and except as otherwise provided in the Protective Order governing discovery in this case.

<u>Nielsen Issue 2</u>: Circana shall produce to Nielsen the Panelist IDs associated with the March and April 2025 emails Circana sent to ReceiptPal panelists asking them to submit receipts to CoinOut. Nielsen shall use the Panelist IDs for the limited purpose discussed at the conference (i.e., determining whether the panelists' behavior changed as a result of the email).

<u>Nielsen Issue 3</u>: Nielsen's request for a definition and other related information on the specific term discussed at the conference is DENIED.

<u>Nielsen Issue 4</u>: Nielsen's request for de-designation of the total number of panelists in CoinOut is DENIED without prejudice. However, Nielsen may share with its client Circana's response to Nielsen's Interrogatory No. 13, with the exception of the charts included in the response.

<u>Nielsen Issue 5</u>: Circana will provide a supplemental response to Nielsen Interrogatory 23 by supplementing the basis for its Thirteenth Affirmative defense. Circana also shall supplement the basis for its denials of Nielsen's Requests for Admission Nos. 5 and 95.

<u>Circana Issue 1</u>: Addressed under Nielsen Issue 1.

<u>Circana Issue 2</u>: The parties shall meet and confer on Circana's Interrogatory No. 9 regarding the clients to whom Nielsen was "forced to provide assurances" post-merger. **By August 13, 2025**, Nielsen shall respond to Circana's Interrogatory No. 11, including by identifying the clients affected or by directing Circana to the specific documents containing that information.

<u>Circana Issue 3</u>: The parties shall meet and confer on Nielsen's response to Interrogatory No. 21. Nielsen shall consider providing Circana with a supplemental response clarifying how it reports on beauty products sold at department stores if those products are also sold through Nielsen-tracked channels.

<u>Circana Issue 4</u>: Circana shall provide Nielsen with the brands it believes are Prestige within the meaning of the contract by reference to the list provided by Circana.

<u>Circana Issue 5</u>: Issue not addressed because it was moot.

Additionally, the parties shall meet and confer on a briefing schedule for any Motion for Summary Judgment and file a letter with their proposed briefing schedule **by August 29, 2025**.

The parties are directed to review the transcript of this proceeding for additional details regarding the topics discussed during the conference and instructions provided by the Court.

**SO ORDERED.**

Dated:   August 4, 2025
         New York, New York

_____
KATHARINE H. PARKER
United States Magistrate Judge