UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NIELSEN CONSUMER LLC,
                      Plaintiff,

      -v-

CIRCANA GROUP, L.P.,
                      Defendant.

22-CV-3235 (JPO)

ORDER

J. PAUL OETKEN, District Judge:

      Plaintiff Nielsen Consumer LLC ("NielsenIQ") has filed a motion seeking to hold Defendant Circana Group, L.P. ("Circana") in civil contempt. (ECF No. 536.)

      The Court assumes familiarity with the facts underlying this dispute. NielsenIQ filed this suit in April 2022, alleging that Circana violated an agreement concerning ReceiptPal, a mobile application that collects information on users' purchases through their receipts. (ECF No. 449 ¶¶ 3-4, 33.) As litigation proceeded, additional disputes arose as to Circana's marketing to ReceiptPal panelists of a similar application called CoinOut. Accordingly, on January 22, 2024, the Court so-ordered a stipulation (the "Stipulation and Order") between the parties providing that, "during the pendency of the litigation, Circana . . . will not market, or support any other entity in the marketing of, the CoinOut application directly to ReceiptPal panelists, including by email promotion or advertising on the ReceiptPal application." (ECF No. 281.)

      On March 26, 2025 and on April 15, 2025, approximately 68,000 ReceiptPal panelists received an email from CoinOut. (*See* ECF No. 549 at 12.) The March 2025 email stated, "Last Chance: Level Status," and then: "We're approaching the end of the month! Please make sure that your digital (email and retailer) accounts are connected. Also, be sure to complete the Monthly Challenge by submitting at least 10 valid paper receipts. This will affect your level

1

status for next month." (ECF No. 538-1 at 2; ECF No. 549 at 9.) The April 2025 email said "Check Your Progress" and then: "This month is already half over! Please continue to submit your paper and online receipts to earn rewards. Check your progress to see how close you are to completing the Monthly Challenge and other tasks to maintain your current level or level up next month." (ECF No. 538-2 at 2; ECF No. 549 at 9-10.) Upon realizing that ReceiptPal panelists had received the emails, Circana conducted an investigation and concluded that the emails, intended for CoinOut users, were sent to some ReceiptPal panelists because "of two discrete, inadvertent, and unrelated actions that occurred within the . . . platform that Circana uses to communicate with panelists for both CoinOut and ReceiptPal." (ECF No. 549 at 10; ECF No. 552 ¶ 3.)

After being informed of the two emails, NielsenIQ moved for contempt, arguing that the emails violated the Stipulation and Order. (ECF No. 536; ECF No. 537.) Circana opposed (ECF No. 551) and NielsenIQ filed a reply (ECF No. 557). The Court held a contempt hearing on September 11, 2025.

"A contempt order is warranted only where the moving party establishes by clear and convincing evidence that the alleged contemnor violated the district court's edict." *King v. Allied Vision, Ltd.*, 65 F.3d 1051, 1058 (2d Cir. 1995). Because contempt is a "potent weapon," the Second Circuit has cautioned that "courts should not resort [to a contempt order] 'where there is a fair ground of doubt as to the wrongfulness of the defendant's conduct.'" *Id.* (quoting *Cal. Artificial Stone Paving Co. v. Molitor*, 113 U.S. 609, 618 (1885)). Specifically, to demonstrate contempt, "a movant must establish that (1) the order the contemnor failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the contemnor has not diligently attempted to comply in a reasonable manner." *Id.*

Applying the Second Circuit's standard, the Court concludes that civil contempt sanctions are not warranted. First, the Stipulation and Order did not clearly and unambiguously bar the two email communications. The Stipulation and Order requires Circana to "not market . . . the CoinOut application directly to ReceiptPal panelists, including by email promotion." (ECF No. 281.) There is ambiguity as to whether the Stipulation and Order's prohibition on marketing emails applies to the March 2025 and April 2025 emails. Read in conjunction with the prohibition on email *promotion*, the Stipulation and Order plausibly can be read to prohibit Circana only from sending emails to ReceiptPal panelists that promoted CoinOut or sought to recruit them to the mobile application. In such a case, the March 2025 and April 2025 emails—which were intended to remind existing CoinOut users to upload their receipts—would not clearly fall within the scope of the Stipulation and Order. Because "there is a fair ground of doubt as to the wrongfulness of the defendant's conduct," the Court declines to find Circana in contempt. *King*, 65 F.3d at 1058 (quotation marks omitted).

Second, even if the March 2025 and April 2025 emails unambiguously violated the Stipulation and Order, NielsenIQ fails to demonstrate that Circana has not acted with reasonable diligence in attempting to comply. Circana provides an undisputed explanation for how the two email communications were inadvertently sent to ReceiptPal panelists, which is that two discrete and unrelated instances of human error resulted in the communications. (ECF No. 549 at 10-11; ECF No. 552 ¶¶ 5-10.) It also details the concrete actions it took to comply with the Stipulation and Order, including "re-routing all the URL links embedded in the 2023 marketing emails that had already been sent out to ReceiptPal panelists," "deactivating and removing all campaigns set up in the [third-party] interface so that they could not be accidentally triggered," "implementing an internal company directive for compliance," and imposing "a blanket prohibition of *any*

3

communications to ReceiptPal users even *mentioning* CoinOut." (ECF No. 549 at 19 (citing ECF No. 552 ¶ 25.)  These actions demonstrate an effort "to develop reasonably effective methods of compliance," *Zino Davidoff SA v. CVS Corp.*, 06-CV-15332, 2008 WL 1775410, at *8 (S.D.N.Y. Apr. 17, 2008), "based on a good faith and reasonable interpretation of the court order," *Schmitz v. St. Regis Paper Co.*, 758 F. Supp. 922, 927 (S.D.N.Y. 1991).  A finding of reasonable diligence is further supported by the fact that, "when advised that such measures have fallen short," Circana "modif[ied] them accordingly." *Zino Davidoff*, 2008 WL 1775410, at *8. (*See* ECF No. 551 at 20 (citing ECF No. 552 ¶ 17).)

The record before the Court shows that the two email communications were inadvertent and in spite of Circana's reasonably diligent compliance efforts.  District courts are not "required to hold a party in contempt after permissibly finding that the violation of an order was inadvertent and was promptly cured." *Fiber-Shield Indus., Inc. v. N.Y. Fire-Shield, Inc.*, No. 98-9409, 1999 WL 709351, at *2 (2d Cir. Sept. 1, 1999).  "While willfulness need not be established for purposes of finding contempt, technical and/or inadvertent violations are factors to be considered in deciding a motion for contempt." *Grubbs v. Safir*, No. 92-CV-2132, 2018 WL 1225262, at *9 (S.D.N.Y. Feb. 26, 2018), *vacated and remanded on other grounds sub nom. Grubbs v. O'Neill*, 744 F. App'x 20 (2d Cir. 2018).  Here, the lack of willfulness counsels against holding Circana in contempt.

Accordingly, NielsenIQ's motion for contempt is DENIED.

SO ORDERED.

Dated: September 18, 2025
       New York, New York

_____
J. PAUL OETKEN
United States District Judge

4