USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/5/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NIELSEN CONSUMER LLC, d/b/a NIELSENIQ<br><br>                    Plaintiff,<br><br>       -against-<br><br>CIRCANA, LLC,<br><br>                  Defendant. | **OPINION & ORDER**<br>**ON**<br>**MOTION TO SEAL**<br><br>**22-CV-3235 (JPO) (KHP)** |
| CIRCANA, LLC,<br><br>                  Counterclaimant,<br><br>       -against-<br><br>NIELSEN CONSUMER LLC, d/b/a NIELSENIQ<br><br>                  Counterclaim Defendant. | |

**KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE**

Plaintiff Nielsen Consumer LLC ("Nielsen") brings this action against Defendant, Circana, LLC ("Circana") alleging breach of contract and misuse and misappropriation of Nielsen's confidential and proprietary information and trade secrets. Nielsen seeks to permanently enjoin Circana from using, sharing, transferring, or licensing its alleged intellectual property and confidential information, an award of damages, and an award of attorneys' fees. Before the Court is Nielsen's motion to redact a portion of the transcript from the April 20, 2026 Discovery Conference. Nielsen has not represented that it met and conferred with Circana regarding the requested redaction nor has it provided the Court with any articulable reason, beyond boilerplate positions explaining why the redacted portions of the transcript constitute trade secrets and/or confidential information. For the following reasons, the motion is DENIED.

1

**LEGAL STANDARD**

The First Amendment accords a strong presumption of public access to pleadings and other judicial documents that "have historically been open to the press and general public" and "play[ ] a significant positive role in the functioning of the [judicial] process[.]" *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 141 (2d Cir. 2016) (internal quotation marks and citation omitted); *see also Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006).  It is well settled that "[t]he public has a "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978) (footnotes omitted).

In considering a motion to seal, the court undertakes a three-part analysis.  First, the court must determine whether the document is in fact a judicial document.  A judicial document is "a filed item that is 'relevant to the performance of the judicial function and useful in the judicial process.'" *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 139 (2d Cir. 2016) (*quoting Lugosch*, 435 F.3d at 119).  "Documents that are never filed with the court, but simply 'passed between the parties in discovery,'" are not judicial documents and lie "beyond the presumption's reach." *Brown v. Maxwell*, 929 F.3d 41, 49-50 (2d Cir. 2019).  When a document becomes a "judicial document," the presumption of public access attaches.

Second, once the Court finds that the document is a "judicial document," the court must determine the weight of the presumption that attaches.  The weight given the presumption of access is "governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *Id.* at 49.  "The strongest presumption attaches where the documents 'determin[e] litigants' substantive

rights,' and [the presumption] is weaker where the 'documents play only a negligible role in the performance of Article III duties.'"  *Olson v. Major League Baseball*, 29 F.4th 59, 89-90 (2d Cir. 2022) (citations omitted).  "Thus, a strong presumption attaches to materials filed in connection with dispositive motions, such as a motion to dismiss or a summary judgment motion."  *Id.*  The weight accorded to the presumptive right to public access is lower if the document is submitted in connection with a discovery dispute or other non-dispositive motion.  *Brown*, 929 F.3d at 49-50.

Third, once the Court has determined the weight to accord the presumption of public access, it must determine whether competing considerations outweigh the presumption.  *Lugosch*, 435 F.3d at 120.  Regardless of the weight that must be accorded to the presumption, the court must make "specific, on the record findings" that sealing is necessary "to preserve higher values," and "is narrowly tailored to serve that interest."  *Id*.  The court may deny public disclosure of the record only "if the factors counseling against public access outweigh the presumption of access afforded to that record."  *Olson*, 29 F.4th at 88.

"Higher values" the preservation of which might warrant sealing include personal privacy interests, public safety, the preservation of attorney-client privilege, and the protection of competitively sensitive business information.  *Bernsten v. O'Reilly*, 307 F. Supp. 3d 161, 168 (S.D.N.Y. 2018); *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015).  A sealing request is "narrowly tailored" when it seeks to seal *only* that information that must be sealed to preserve higher values.  *Susquehanna Int'l Grp. Ltd. v. Hibernia Express (Ir.) Ltd.*, 2021 WL 3540221, at *4 (S.D.N.Y. Aug. 11, 2021).

**DISCUSSION**

As a threshold matter, the transcript at issue is plainly a "judicial document," to which a presumption of access attaches. *See United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995) (a judicial document is "relevant to the performance of the judicial function and useful in the judicial process"); *see also Brinks Glob. Servs. USA, Inc. v. Bonita Pearl, Inc.*, No. 22 Civ. 6653 (PGG) (BCM), 2023 WL 4399042, at *2 (S.D.N.Y. July 6, 2023) (finding that the transcript of a discovery conference was a judicial document).

Having determined that the document at issue is a judicial document, the Court must next determine "the weight of the presumption of public access attaching to that judicial document." *Sec. and Exch. Comm'n v. Telegram Grp. Inc.*, No. 19 Civ. 9439 (PKC), 2020 WL 3264264, at *3 (S.D.N.Y. June 17, 2020).  "The strongest presumption attaches where the documents 'determin[e] litigants' substantive rights,' and [the presumption] is weaker where the documents play only a negligible role in the performance of Article III duties." *Olson v. Major League Baseball*, 29 F.4th 59, 89-90 (2d Cir. 2022) (internal quotation marks and citations omitted).  Here, the document "has only 'modest' weight," *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, 2023 WL 196134, at *3 (S.D.N.Y. Jan. 17, 2023) (internal citation omitted), which can be overcome by considerations such as "a valid need to protect the confidentiality of sensitive business information." *Valassis Comms., Inc. v. News Corp.*, 2020 WL 2190708, at *3 (S.D.N.Y. May 5, 2020).

The Court must now determine, in light of the strong presumption of public access to the filings, whether (1) sealing is necessary to preserve higher values and (2) the proposed

sealing is narrowly tailored such that it preserves those higher values. *See Lugosch*, 435 F.3d at 120.

After careful consideration of Nielsen's redaction request, I have found no "specific and substantial reasons" to seal any portion of the April 20, 2026 transcript. There is no basis at all for redacting the discussion regarding the ChatGPT database.  Indeed, the fact that certain information can be found on ChatGPT negates any contention that this information is a trade secret or nonpublic.  Nor has Nielsen provided any explanation for why this information implicates trade secrets and confidential information.  It does not explain how this information may be used to compete with Nielsen if made public.  Instead it proffers boilerplate language and a conclusory recitation of the standard.  At bottom, this Court is unable to make "specific, on-the-record findings," as required by *Lugosch*, "that sealing is necessary to preserve higher values." 435 F.3d at 124; *see also In re Keurig*, No. 14-MD-2542 (VSB), 2023 WL 196134, at *4 (S.D.N.Y. Jan. 17, 2023) ("[B]road allegations of harm unsubstantiated by specific examples or articulated reasoning fail to satisfy the test.") (internal quotation marks and citations omitted).

## CONCLUSION

For the reasons set forth above, the motion to seal is DENIED.  The Court will unseal the sealed transcript at ECF No. 741.

**The Clerk of Court is respectfully directed to terminate the motion at ECF No. 743**

SO ORDERED.

Dated: May 5, 2026
       New York, New York

_____
Katharine H. Parker
United States Magistrate Judge

5