# HUNTON

HUNTON ANDREWS KURTH LLP
2200 PENNSYLVANIA AVENUE, NW
WASHINGTON, D.C. 20037-1701

TEL   202 • 955 • 1500
FAX   202 • 778 • 2201

NEIL K. GILMAN
DIRECT DIAL: 202 • 955 • 1674
EMAIL: ngilman@HuntonAK.com

May 20, 2026

Honorable Katharine H. Parker
U.S. District Court for the
Southern District of New York
500 Pearl Street, Room 750
New York, NY 10007

Re:    *Nielsen Consumer LLC d/b/a NielsenIQ v. Circana, LLC*, No. 1:22-cv-3235-JPO-KHP
       <u>Circana's Letter Response to NIQ's Letter Motion for Reconsideration and/or
       Clarification of the Court's Order of May 5, 2026</u>

Dear Judge Parker:

Circana respectfully submits this response to NIQ's May 18, 2026 letter requesting that the Court "reconsider and/or clarify" its May 5, 2026 Order. ECF No. 748.[1] NIQ's is not entitled to any relief.

First, NIQ's contention that the Court misunderstood how ChatGPT works is based on an unfounded premise. NIQ suggests—"without suggesting"—that Mr. Tilwani may have asked ChatGPT to confirm that NIQ's trade secrets are public information. He did no such thing. As confirmed by the ChatGPT conversation that Circana produced to NIQ (CIRCANA_01415719, ECF No. 709-8), Mr. Tilwani prompted ChatGPT to "Design a database to track order scraping data." ChatGPT did so, and included fields that cover NIQ's alleged Trade Secret 5. *See* ECF No. 741, Apr. 20, 2026 Tr. 13:8-15.

Second, NIQ's accusation that "Circana has refused to provide information" regarding Mr. Tilwani's ChatGPT prompts that "he shared with Circana's counsel" is not true. Circana provided the ChatGPT prompt that Mr. Tilwani provided to counsel. As Circana's counsel explained at the hearing, Circana is not withholding any documents relating to ChatGPT searches.[2]

---

[1] NIQ does not seek reconsideration of the Court's substantive ruling made during the April 20, 2026 discovery conference denying NIQ's request to deem waived the attorney-client privilege with respect to Circana's hybrid expert witnesses. *See* ECF No. 741, Apr. 20, 2026 Tr. 28:1-29:5. Rather, NIQ seeks reconsideration only of the Court's denial of its motion to seal portions of the transcript of that conference. ECF No. 744.

[2] There is a typographical error in the transcript of the April 20, 2026 hearing. The transcript reflects Circana's counsel stating that "[t]here are documents that we are withholding

# HUNTON

Hon. Katharine H. Parker
May 20, 2026
Page 2

Finally, NIQ's concern that it might "run into 'law of the case' type issues" is unfounded. Circana's forthcoming summary judgment motion will show, based on the evidentiary record and applicable law, that NIQ's alleged trade secrets do not qualify as such. While Circana agrees with the Court's common-sense statement that information readily available from an AI model such as ChatGPT cannot reasonably be claimed to merit trade secret possession, Circana does not intend to argue that the Court's May 5, 2026 ruling has preclusive effect.

Accordingly, NIQ's requested relief is both unwarranted and unnecessary.

Respectfully submitted,

Neil K. Gilman
HUNTON ANDREWS KURTH LLP
2200 Pennsylvania Ave NW
Washington, DC 20037
Tel: (202) 955-1674
Email: ngilman@hunton.com

*Counsel for Defendant Circana*

---

on the basis of privilege with the ChatGPT," but counsel actually stated that "[t]here are **no** documents that we are withholding on the basis of privilege with the ChatGPT." ECF No. 741, Apr. 20, 2026 Tr. 27:12-13.