**PAUL**
**HASTINGS**

May 22, 2026

Honorable Katharine H. Parker
U.S. District Court for the
Southern District of New York, Room 750
500 Pearl Street
New York, NY 10007

Re:    Nielsen Consumer LLC d/b/a NIQ v. Circana, LLC, f/k/a The NPD Group L.P., No. 1:22-
       cv-3235-JPO-KHP | NIQ's Letter Reply to Circana's Letter Response to NIQ's Letter
       Motion for Clarification of the Court's Order of May 5, 2026

Dear Judge Parker:

In its Opposition of May 20, 2026 (Dkt. No. 749), Circana wrote that it "does not intend to argue
that the Court's May 5, 2026 ruling has preclusive effect." *Id.*, p.2.  If that is so, then Circana
should have no problem with the Court issuing a one-sentence Order making clear that it did not
intend, in its sealing Order, to make a merits ruling about NIQ's trade secrets based on Prakash
Tilwani's untested assertions about ChatGPT.  Yet Circana opposes this minimal clarification.

For the record, Circana's insistence that it did produce Prakash Tilwani's "prompt" to ChatGPT is
misleading.  Circana produced a redacted *email*, in which Tilwani claimed that he had asked
ChatGPT to "[d]esign a database table to track order scraping data." Dkt. No. 717-8.  That is not
the same as producing the native conversation.

Circana's failure to produce this native conversation seriously undermines its claim that it is "not
withholding any documents relating to ChatGPT." Dkt. No. 749, p.1.  Given that ChatGPT
automatically saves all queries and responses, Circana has access to all of Mr. Tilwani's prompts
and responses and could have produced them.  Producing that history would have revealed
*everything* Tilwani said to ChatGPT, both before the allegedly "lone" prompt – which would have
made no sense in isolation – and after.  Moreover, given that two of Circana's experts, including
Mr. Tilwani, relied on multiple alleged ChatGPT conversations, there are clearly a number of
ChatGPT queries and responses that Circana is withholding.  Yet Circana opposed NIQ's request
for further discovery into this issue.

For the foregoing reasons, NIQ respectfully requests that the Court grant the minimal relief
requested its Letter Motion for Reconsideration and/or Clarification, dated May 18, 2026 (Dkt.
No. 748).

Hon. Katharine H. Parker
May 22, 2026
Page 2


Respectfully submitted,

*/s/ Joshua Berman*
Joshua Berman
Paul Hastings LLC
200 Park Avenue
New York, NY 10166
Telephone: 1 (212) 318-6000

*Counsel for Plaintiff-Counterclaim Defendant Nielsen Consumer LLC*