UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NIELSEN CONSUMER LLC, d/b/a NIELSENIQ<br><br>Plaintiff,<br><br>-against-<br><br>CIRCANA, LLC,<br><br>Defendant. | |

---

| | |
|---|---|
| CIRCANA, LLC,<br><br>Counterclaimant,<br><br>-against-<br><br>NIELSEN CONSUMER LLC, d/b/a NIELSENIQ<br><br>Counterclaim Defendant. | |

**USDC SDNY**
**DOCUMENT**
**ELECTRONICALLY  FILED**
**DOC #:_____**
**DATE FILED:** 5/22/2026

**OPINION AND ORDER**
**ON**
**MOTION FOR RECONSIDERATION**

**22-CV-3235 (JPO) (KHP)**

**KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE**

On May 18, 2026 Plaintiff, Nielsen Consumer LLC d/b/a NielsenIQ ("NIQ"), filed a letter motion for reconsideration of the Court's May 5, 2026 Order denying its motion to seal.  (ECF Nos. 744, 748)  Defendant, Circana, LLC ("Circana") filed an opposition to NIQ's motion on May 20, 2026.  (ECF No. 749)  The Court has thoroughly considered the submissions from both parties.

A motion for reconsideration is governed by Federal Rule of Civil Procedure 59(e) and Local Rule 6.3.  Reconsideration is "an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Drapkin v. Mafco Consol. Grp., Inc.*, 818 F. Supp. 2d 678, 695 (S.D.N.Y. 2011) (internal citation and quotation marks omitted). The Second Circuit has held that the standard for granting a motion to reconsider "is strict, and

1

reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).  Reconsideration is also justified where the moving party demonstrates "an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Henderson v. Metro. Bank & Tr. Co.*, 502 F. Supp. 2d 372, 376 (S.D.N.Y. 2007).  The standard aims to prevent a losing party from "plugging the gaps of a lost motion with additional matters." *SEC v. Ashbury Capital Partners, L.P.*, No. 00 Civ. 7898, 2001 WL 604044, at *1 (S.D.N.Y. May 31, 2001) (quoting *Carolco Pictures, Inc. v. Sirota*, 700 F. Supp. 169, 170 (S.D.N.Y. 1988)).  In other words, a Motion for Reconsideration is not an opportunity for the moving party to take a "second bite at the apple." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (citation and internal quotation marks omitted).  A motion for reconsideration should be denied "where the moving party seeks solely to relitigate an issue already decided." *Shrader*, 70 F.3d at 257.

The Court thanks NIQ for its tutorial on the distinction between generative AI and traditional search engines.  The Court also notes its decision on the motion to seal (ECF No. 743) was not intended to be a merits ruling on NIQ's trade secrets claim.  Notwithstanding, the basis for the Court's prior Order remains unaltered.  There remain no "specific and substantial reasons" to seal any portion of the April 20, 2026 transcript nor has NIQ pointed to any change in controlling law, new evidence, or clear error in the Court's decision that would warrant a different outcome.  Indeed, the Court still has no means by which it can make "specific, on-the-

2

record findings," that sealing is warranted to preserve higher values.  *Lugosch v. Pyramid Co. of*

*Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006

   For the reasons set forth above, NIQ's motion for reconsideration is DENIED.

   **The Clerk of Court is respectfully directed to terminate the motion at ECF No. 743**

   **SO ORDERED.**

Dated: May 22, 2026
     New York, New York

_____
Katharine H. Parker
United States Magistrate Judge